# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 05-2181

_____

United States of America,          *
                                   *
             Appellee,             *
                                   *        Appeal from the United States
      v.                           *        District Court for the
                                   *        Eastern District of Arkansas.
Tamika Wade,                       *
                                   *              [PUBLISHED]
             Appellant.            *


_____

Submitted: January 9, 2006
     Filed: January 13, 2006

_____

Before LOKEN, Chief Judge, HANSEN and MELLOY, Circuit Judges.

_____

PER CURIAM.

Tamika Wade appeals the 18-month sentence imposed by the district court[1] after Wade pleaded guilty to bank fraud. We affirm the sentence.

Wade was indicted with two codefendants in June 2004 in a four-count indictment for her involvement in a bank fraud scheme in August and September of

_____

[1]The Honorable Susan Webber Wright, Chief Judge, United States District Court for the Eastern District of Arkansas.

2002. She pleaded guilty to one count of aiding and abetting bank fraud on January 16, 2005, and was sentenced on April 18, 2005. Wade objected to the presentence investigation report (PSR) prepared by the United States Probation Office to the extent the PSR recommended a twelve-level increase to her base offense level based on a loss amount of $256,726, the total amount of forged checks deposited by Wade and her codefendants. Wade argued that each codefendant engaged in separate transactions and that United States v. Booker, 125 S. Ct. 738 (2005), which was decided a few days before Wade's guilty plea, prevented the district court from enhancing her sentence based on facts not found by a jury. The district court overruled the objection, calculated a sentencing range of 18 to 24 months based on the total loss amount, recognized the advisory nature of the Guidelines, and sentenced Wade to 18 months imprisonment. Wade appeals, arguing that the district court violated the "constitutional" holding of Booker and violated her right to due process by treating the Guidelines as advisory in sentencing her for conduct that occurred pre-Booker.

We review Wade's constitutional challenges to her sentence de novo. See United States v. Mashek, 406 F.3d 1012, 1016 (8th Cir. 2005) (holding that legal challenges to a district court's sentence continue to be reviewed de novo post-Booker). If the sentence passes those challenges, we review Wade's ultimate sentence for reasonableness. Id.

We reject Wade's challenge to the district court's use of the preponderance of the evidence standard. We have previously determined that "the remedial opinion in Booker held that such judicial fact-finding [by the preponderance of the evidence] for sentencing purposes does not violate the Sixth Amendment when made as part of an advisory Guidelines regime." United States v. Vaughn, 410 F.3d 1002, 1004 (8th Cir. 2005), petition for cert. filed, __ U.S.L.W. __ (U.S. Oct. 27, 2005) (No. 05-7869). See also United States v. Patient Transfer Service, Inc., 413 F.3d 734, 745 (8th Cir. 2005) (recognizing that "the Supreme Court maintained the trial court's fact finding

authority without setting a new standard" in <u>Booker</u>).  The district court properly applied the <u>Booker</u> sentencing scheme as dictated by the Supreme Court, first calculating the proper Guidelines range, and then treating that range as advisory in considering the 18 U.S.C. § 3553(a) factors to reach a final sentence.  Having properly treated the Guidelines range as advisory, the district court was free to consider any sentencing facts supported in the record by a preponderance of the evidence in setting Wade's sentence, subject only to the statutory maximum and the guiding factors in § 3553(a).

We likewise reject Wade's due process challenge.  The ex post facto clause does not apply to actions by the judiciary, <u>see</u> <u>Rogers v. Tennessee</u>, 532 U.S. 451, 456-57 (2001), though due process concerns do require that application of judicial decisions to a pending defendant's case complies with the "concepts of notice, foreseeability, and in particular the right to fair warning . . ."  <u>Id.</u> at 459.  Wade suggests that the district court should be required to apply the Guidelines in a mandatory fashion, without, of course, violating the Sixth Amendment by making fact-findings by a preponderance of the evidence.  Wade seeks the benefit of the "constitutional" holding of <u>Booker</u> without also recognizing its remedial holding.  But the district court did just what Justice Breyer directed in his majority remedial opinion: it applied the <u>Booker</u> "holdings–both the Sixth Amendment holding and [the] remedial interpretation of the Sentencing Act–to all cases on direct review." <u>Booker</u>, 125 S. Ct. at 769.  We, like the district court, are obliged to follow the Supreme Court's directive, and we agree with the Tenth Circuit that the Supreme Court would not direct us to violate the Constitution.  <u>See</u> <u>United States v. Rines</u>, 419 F.3d 1104, 1107 (10th Cir. 2005) (rejecting a similar due process challenge), <u>petition for cert. filed</u>, __ U.S.L.W. __ (U.S. Nov. 14, 2005) (No. 05-7719).

Another problem with Wade's argument is that judicial fact-finding by a preponderance of the evidence would have been part of her "reasonable expectations" in 2002 as well. Thus, Wade would have faced the same sentencing range, and she

was sentenced at the bottom of that range. She cannot complain of a due process violation where there is no undue harshness. See Rines, 419 F.3d at 1107; see also United States v. Egenberger, 424 F.3d 803, 805-06 (8th Cir. 2005) (finding no due process concern where the district court sentenced the defendant above the properly-calculated Guidelines range but within the statutory maximum), petition for cert. filed, __ U.S.L.W. __ (U.S. Nov. 15, 2005) (No. 05-7905); United States v. Perez-Ruiz, 421 F.3d 11, 15 (1st Cir. 2005) ("At the time of Perez' crime–indeed, until the morning that Booker was announced by the Supreme Court–Perez faced a foreseeable risk that any crime he committed would result in a guideline sentence (within the statutory maximum) based on judge-made fact-finding. That is exactly what he got in this case."), petition for cert. filed, __ U.S.L.W. __ (U.S. Nov. 22, 2005) (No. 05-7747). Finally, the Supreme Court decided Booker days prior to Wade's guilty plea and months prior to her sentencing. Thus, even if the Blakely-type sentencing scheme she seeks was viable, which it was not, she has no claim to such an expectation. Cf. United States v. Salter, 418 F.3d 860, 862 (8th Cir. 2005) (rejecting a due process claim based on a plea agreement entered into between the time of Blakely and Booker, where the district court properly anticipated Booker and applied the Guidelines as advisory after making its own fact-findings).

Having rejected Wade's legal challenges to her sentence, we believe that her sentence is reasonable. She cashed a forged check, retained a large portion of it, and withdrew the balance of the check from her account in cash, in increments less than $10,000, to return to the person who provided the check. She recruited her grandparents, her uncle, and her friend to participate in the "opportunity," and served as the conduit to return the cash to the check provider. Her efforts to use the ill-gotten proceeds to better herself do not change the illegality of the scheme and are not properly considered factors under § 3553(a). Her 18-month sentence, at the bottom of the applicable range, is reasonable.

Wade's sentence is affirmed.

_____

-4-