# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3562

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Jesse D. Counce, | * | |
| | * | [TO BE PUBLISHED] |
| Defendant-Appellant. | * | |

_____

Submitted: April 17, 2006
Filed: May 3, 2006

_____

Before LOKEN, Chief Judge, LAY and BYE, Circuit Judges.

_____

PER CURIAM.

On the morning of October 11, 2003, Kansas City, Missouri police officers stopped Jesse D. Counce for a traffic violation. After a computer check confirmed that Counce had outstanding warrants, he was placed under arrest. During a search for Counce's inhaler, Officer Connor-Pettey discovered a handgun, a magazine, and a box of ammunition inside a black nylon bag on the floor behind the front passenger seat. Counce told the arresting officers and a detective who questioned him at the police station that the bag did not belong to him. He claimed the bag belonged to a friend whom he had dropped off before he was stopped by the police.

After a jury trial, Counce was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Counce was sentenced to the statutory maximum sentence of 120 months. Counce appeals the district court's refusal to allow him to introduce evidence that the firearm was inoperable, the district court's failure to define "knowingly" in the jury instructions, and the sentence imposed by the district court. We affirm.

First, Counce challenges an evidentiary ruling of the district court. To obtain a conviction under 18 U.S.C. § 922(g), the government must prove that an object satisfies the federal definition of a firearm. *See* 18 U.S.C. § 921(a)(3). ATF Agent Timothy Canon testified the handgun was "designed to expel a projectile by the action of an explosive." The district court did not allow Counce to challenge this conclusion by cross examining the government's expert or through other means of proof. Counce argues this violated his Sixth Amendment right to confront a witness against him and his Fifth Amendment right to present a defense.

We review the district court's decision to exclude evidence for an abuse of discretion. *United States v. Naiden*, 424 F.3d 718, 722 (8th Cir. 2005). The firearm in this case was missing the safety, thereby preventing the hammer from operating with a pull of the trigger. Counce argues the evidence of the defective condition of the handgun was relevant to an essential element of the case–whether the handgun was designed to operate as a firearm–and therefore he should have been able to cross examine Agent Canon and present evidence on this point. Section 921(a)(3) defines a firearm as "any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive." 18 U.S.C. § 921(a)(3).

The district court concluded Counce's evidence of firearm inoperability was irrelevant to determine whether the weapon was a firearm under § 921(a)(3). We disagree. Although § 921(a)(3) does not require a firearm to be operable, *see, e.g.,*

*United States v. Maddix*, 96 F.3d 311, 316 (8th Cir. 1996); *United States v. York*, 830 F.2d 885, 891 (8th Cir. 1987), the operation of a weapon may be relevant to whether it is designed to expel a projectile by the action of an explosive. *See United States v. Aldaco*, 201 F.3d 979, 985-86 (7th Cir. 2000). However, Counce neither provided the district court with an offer of proof nor cross-examined ATF Agent Canon regarding the design of the weapon. Specifically, Counce made no argument before the district court, and makes no argument before this court, the missing safety was the result of the manufacturer's design. Accordingly, we conclude the evidence of firearm inoperability was properly excluded under Rule 403 because such evidence would have yielded substantial juror confusion without having significant probative value regarding the issue of weapon design. *Cf. United States v. McCaster*, 193 F.3d 930, 933 (8th Cir. 1999) ("We may affirm the judgment on any grounds supported by the record, even if not relied on by the district court.").

Second, Counce argues the district court erred by failing to submit the defense's proposed jury instruction defining "knowingly." A district court's denial or acceptance of a proposed jury instruction is reviewed under an abuse of discretion standard. *United States v. Gary*, 341 F.3d 829, 834 (8th Cir. 2003). The proposed jury instruction stated, in part: "An act is done knowingly if the defendant is aware of the act and does not act or fail to act through ignorance, mistake, or accident." Counce offered the defense that the individual he dropped off immediately before the police stopped him left the handgun in his car.

A defendant is entitled to a theory of defense instruction if a timely request is made, the evidence supports the requested instruction, and the instruction correctly states the law. *Id.* However, this does not guarantee a particular formulation of the proposed instruction. *Id.* The district court submitted Instruction No. 19, which defined actual and constructive possession. While the instructions did not define "knowingly," the term is within the understanding of a lay juror. *Id.* (citing *United States v. Johnson*, 892 F.2d 707, 710 (8th Cir. 1989)). Further, the submitted

instruction correctly states the law of this circuit and the jury's verdict is supported by the evidence under either actual or constructive possession.

Finally, Counce argues his sentence was imposed in violation of the Ex Post Facto and Due Process Clauses. A district court's conclusions of law are reviewed de novo. *United States v. Jeffries*, 405 F.3d 682, 684 (8th Cir. 2005). Counce's conduct occurred in 2003, prior to the Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005). Counce argues that he is entitled to the benefit of the Sixth Amendment holdings of *Blakely* and *Booker*, but he cannot be disadvantaged by the remedial portion of *Booker*. This court has already rejected this argument in *United States v. Wade*, 435 F.3d 829, 832 (8th Cir. 2006). Therefore, the district court did not err in imposing the statutory maximum sentence of ten years.

For the above stated reasons, we affirm.

_____