**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4752

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRIAN BURTON THOMAS,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph Robert Goodwin, District Judge. (CR-05-15)

Submitted: June 1, 2006                    Decided:  June 28, 2006

Before WILLIAMS, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, George H. Lancaster, Jr., Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  Charles T. Miller, Acting United States Attorney, W. Chad Noel, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Brian Burton Thomas pled guilty to manufacturing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and using or carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The district court imposed a sentence of 108 months for the methampethamine charge and a consecutive sentence of 60 months for the firearm charge. On appeal, Thomas contends that his sentence with respect to the methamphetamine charge is unconstitutional under the Ex Post Facto Clause and Due Process Clause. Alternatively, he asserts that the sentence is unreasonable. For the reasons set forth below, we affirm the sentence.

I.

On January 18, 2005, a federal grand jury returned a two-count indictment charging Thomas with manufacturing an unspecified quantity of methamphetamine, and using or carrying a firearm during and in relation to a drug trafficking crime. On February 5, 2005, Thomas entered into a plea agreement for both counts. The district court accepted the plea on February 28, 2005.

The presentence investigation report ("PSR") calculated the applicable Guidelines range only for the methamphetamine charge because the Guidelines sentence for the firearms charge was the minimum term of imprisonment required by 18 U.S.C. § 924(c)(1)

2

(five years). Thus, with respect to the methamphetamine charge, the PSR applied a base offense level of 34 under U.S.S.G. § 2D1.1(a)(3) & (c)(3), taking into account certain statements Thomas made during his arrest indicating that he had manufactured 1.8144 kilograms of methamphetamine. The PSR also recommended a 2-level enhancement for reckless endangerment under U.S.S.G. § 3C1.2, and a 4-level reduction for acceptance of responsibility. With a total offense level of 33 and a criminal history category of I, the Guidelines range for the methamphetamine charge was 135 to 168 months.

At the sentencing hearing, Thomas objected to the PSR's finding of 1.8144 kilograms of methamphetamine, and further asserted that the Ex Post Facto and Due Process Clause prohibited the district court from imposing a sentence greater than the sentence that could have been imposed under the formerly mandatory Guidelines scheme. The district court upheld Thomas's objection to the relevant drug quantity, found that he was responsible for 570.6 grams of methamphetamine, and reduced his total offense level to thirty-one. The district court therefore determined that the Guidelines range for the methamphetamine charge was 108 to 135 months, and the Guidelines sentence for the firearms charge was five years.

The district court ultimately imposed a sentence of 108 months with respect to the methamphetamine charge, and a consecutive

sentence of 60 months for the firearms charge.  Thomas now appeals his sentence for the methamphetamine charge.


                                II.

     Thomas first contends that his 108-month sentence with respect to the methamphetamine charge violated the Ex Post Facto Clause and the Due Process Clause.  Specifically, Thomas asserts that Justice Breyer's remedial opinion in United States v. Booker, 543 U.S. 220, 244-271 (2005), which rendered the Guidelines advisory, unconstitutionally exposed him to a greater sentence under the now advisory Guidelines scheme than the maximum sentence he would have received under the formerly mandatory Guidelines regime.  For reasons previously articulated by this and other circuits, the claim is without merit.  See United States v. Williams, 444 F.3d 250, 253-54 (4th Cir. 2006) (rejecting Ex Post Facto challenge to the retroactive application of Justice Breyer's remedial opinion in Booker); see also United States v. Dupas, 419 F.3d 916, 919-21 (9th Cir.) (rejecting Ex Post Facto and Due Process challenges to the retroactive application of Justice Breyer's remedial opinion in Booker), cert. denied, 126 S. Ct. 1484 (2006);  United States v. Jamison, 416 F.3d 538, 539-40 (7th Cir. 2005) (same); United States v. Lata, 415 F.3d 107, 110-11 (1st Cir. 2005) (same); United States v. Scroggins, 411 F.3d 572, 575-77 (5th Cir. 2005) (same); United States v. Duncan, 400 F.3d 1297, 1307 (11th Cir.) (same), cert.

4

<u>denied</u>, 126 S. Ct. 432 (2005). In fact, Thomas received a sentence <u>below</u> the maximum sentence he could have received under the formerly mandatory Guidelines regime.[*] Accordingly, we decline to disturb the sentence on these constitutional grounds.

Thomas further contends that the 108-month sentence is unreasonable because it is greater than necessary to comply with the sentencing purposes set forth in 18 U.S.C. § 3553. After reviewing the record, we find that the district court properly calculated the Guidelines range, treated the Guidelines range as advisory, and weighed the relevant § 3553 factors. The sentence, which was at the bottom end of the Guidelines range and well below the statutory maximum of twenty years, is presumptively reasonable. <u>See</u> <u>United States v. Green</u>, 436 F.3d 449, 457 (4th Cir. 2006). Because Thomas has failed to rebut this presumption, we affirm the sentence.

<u>AFFIRMED</u>

---

[*]We note that Thomas assumed, for the purposes of his constitutional challenges, that "the maximum Guideline range, unadorned by judicially determined enhancements, became the statutory maximum for constitutional considerations" after the Court's Sixth Amendment holdings in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and <u>Booker</u>. Appellant Br. at 7. We follow the reasoning of our sister circuits in rejecting this position as well. <u>See</u> <u>United States v. Wade</u>, 435 F.3d 829, 832 (8th Cir. 2006) (per curiam); <u>United States v. Perez-Ruiz</u>, 421 F.3d 11, 15 (1st Cir.), <u>cert. denied</u>, 126 S. Ct. 1092 (2006).