**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 8, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

VIRGIL EARL NELSON,

     Defendant - Appellant.

No. 04-6182
(W.D. Oklahoma)
(D.Ct. No. 03-CR-6-M)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.
_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

On May 8, 2003, Virgil Earl Nelson, along with a number of other

individuals associated with the Outlaws Motorcycle Club, was indicted for

various drug and firearm offenses. On February 9, 2004, Nelson pled guilty to

---

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

knowingly and intentionally attempting to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. In his plea agreement, Nelson waived his constitutional right to a jury trial.

The presentence report (PSR) recommended an initial base offense level of 38, based on 447,670 kilograms of marijuana equivalent. It also recommended a two-point enhancement for possessing a dangerous weapon, a four-point enhancement for Nelson's role as an organizer or leader, and a two-point reduction for acceptance of responsibility, resulting in a total offense level of 42. Because Nelson qualified as a career offender under USSG §4B1.1, his criminal history category was VI. With an offense level of 42 and a criminal history category of VI, the applicable guideline range was 360 months to life. However, the PSR noted that the guideline range exceeded the statutory maximum of twenty years (240 months) under 21 U.S.C. § 841(b)(1)(C).

On May 19, 2004, a sentencing hearing was conducted. Both in his objections to the PSR and at the sentencing hearing, Nelson contested the PSR's drug quantity, as well as the enhancements for possessing a firearm and his role in the offense. Although he did not admit to his criminal history, he did not object to the application of the career criminal provisions under USSG §4B1.1.[1]

_____

[1] In his Petition to Enter Plea of Guilty, Nelson acknowledged the statutory maximum for his offense was twenty years imprisonment. He did not object to the application of the career criminal provisions in USSG §4B1.1 in his objections to the PSR. At his sentencing hearing, Nelson acknowledged the applicability of the twenty

The district court overruled the objections and found by a preponderance of the evidence that Nelson was responsible for 447,670 kilograms of marijuana equivalent, exercised a leadership role, and possessed a firearm in connection with his criminal activities. The district court sentenced Nelson to 240 months imprisonment, the statutory maximum. Nelson appeals. We exercise jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291 and AFFIRM.

## I. Discussion

On appeal Nelson argues the enhancements to his sentence based on drug quantity, firearm possession, his leadership role, and his criminal history violate his Sixth Amendment rights under *United States v. Booker*, 543 U.S. 220 (2005). He also argues that application of Justice Breyer's remedial opinion in *Booker* violates constitutional prohibitions against ex post facto laws.

### A. *Booker*

Although Nelson raised sentencing objections in the district court based on the sufficiency of the evidence, he did not object based on the Sixth Amendment. Thus, we review the district court's sentencing decision for plain error. *United States v. Yazzie*, 407 F.3d 1139, 1144 (10th Cir.) (en banc) (objection to enhancement based on sufficiency of the evidence insufficient to preserve *Booker* error), *cert. denied*, 126 S.Ct. 303 (2005); *United States v. Dazey*, 403 F.3d 1147,

---

year maximum under USSG §4B1.1.

1174 (10th Cir. 2005); *United States v. Gonzalez-Huerta*, 403 F.3d 727, 729 (10th Cir.) (en banc), *cert. denied*, 126 S.Ct. 495 (2005).[2]  To establish plain error, Nelson must demonstrate the district court (1) committed error, (2) the error was plain, and (3) the plain error affected his substantial rights.  *Gonzalez-Huerta*, 403 F.3d at 732.  "If all these conditions are met, a court reviewing the error may exercise discretion to correct it if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Dazey*, 403 F.3d at 1174.  Nelson bears the burden of demonstrating that the alleged error in sentencing affected his substantial rights.  *Gonzalez-Huerta,* 403 F.3d at 736.

1. Prior Convictions

The district court's use of Nelson's prior convictions in calculating his sentence, in particular his criminal history category, was not error.  *Booker* specifically exempted prior convictions from the requirement that any fact that increases a sentence beyond the statutory maximum must be proven to a jury beyond a reasonable doubt.  *Booker*, 543 U.S. at 244.  "Furthermore, whether the present offense and prior offenses constitute felonies that are crimes of violence or controlled substance offenses [for purposes of USSG §4B1.1] are questions of

---

[2] Although he argues the harmless error standard, Nelson concedes the applicability of the plain error standard under *Gonzalez-Huerta* and *Dazey*.  He merely "objects to the reasoning of those cases and asks that they be reconsidered."  (Appellant's Br. at 22.)  "[B]arring en banc reconsideration, a superseding contrary Supreme Court decision, or authorization of all currently active judges on the court," we cannot overturn these prior decisions.  *United States v. Edward J.,* 224 F.3d 1216, 1220 (10th Cir. 2000).

law unaffected by the Supreme Court's holding in *Booker*." *United States v. Small*, 423 F.3d 1164, 1188 (10th Cir. 2005), *cert. denied*, 126 S.Ct. 1180 & 126 S.Ct. 1377 (2006).

Despite this precedent and *Booker*'s maintenance of the prior conviction exception, Nelson argues that after *Shepard v. United States,* 544 U.S. 13 (2005), prior convictions must be charged and proven beyond a reasonable doubt or admitted to by the defendant. This argument is foreclosed by *United States v. Moore,* 401 F.3d 1220 (10th Cir. 2005). In *Moore,* we held that neither *Booker* nor *Shephard* disturbed our holding in *United States v. Dorris,* 236 F.3d 582 (10th Cir. 2000), where we concluded that even after *Apprendi v. New Jersey*,[3] a defendant's prior convictions need not be charged in an indictment and proven to a jury beyond a reasonable doubt. *Moore,* 401 F.3d at 1223-24; *see also United States v. Brothers*, 438 F.3d 1068, 1073-74 (10th Cir.), *cert. denied*, 126 S.Ct. 2946 (2006)*; United States v. Williams,* 403 F.3d 1188, 1198 (10th Cir.), *cert. denied*, 126 S.Ct. 178 (2005).

### 2. Other enhancements

Applying the guidelines mandatorily, the district court enhanced Nelson's sentence based on its findings that Nelson's offense involved 447,670 kilograms of marijuana equivalent, he possessed a dangerous weapon and that he exercised a

---

[3] 530 U.S. 466, 490 (2000).

leadership role. Ordinarily, the use of judge-found facts to mandatorily increase a defendant's sentence would constitute constitutional *Booker* error, for which we relax the requirements of the plain error analysis. *Dazey*, 403 F.3d at 1174. However, where, as here, a defendant "waive[s], without qualification, [his] right to a jury trial in [his] guilty plea, . . . [he] may not [on appeal] assign as error the failure of the district court to afford [him] a jury determination of facts relevant to sentencing." *United States v. Leach,* 417 F.3d 1099, 1104 (10th Cir. 2005). In such cases a defendant may still challenge his sentence on appeal based on *Booker*, but is limited to raising non-constitutional *Booker* error. Consequently, although the first two prongs of the plain error test are satisfied, our analysis is limited to non-constitutional *Booker* error. *United States v. Clifton,* 406 F.3d 1173, 1181 (10th Cir. 2005); *Gonzalez-Huerta*, 403 F.3d at 732.

Despite satisfying the first two prongs of the plain error analysis, Nelson cannot meet the third. To satisfy the third prong, specific facts in the record must indicate a reasonable probability that in a post-*Booker* framework, Nelson would have received a more lenient sentence. *United States v. Trujillo-Terrazas,* 405 F.3d 814, 819 (10th Cir. 2005).[4] Although the district court's factual finding

_____

[4] Because Nelson waived his Sixth Amendment rights and is limited to appealing non-constitutional *Booker* error, he may not take advantage of the first alternate method of establishing that the plain error affected his substantial rights laid out in *Dazey*. 403 F.3d at 1175 (Allowing defendants in constitutional *Booker* error cases to demonstrate an effect on substantial rights by establishing that "a jury applying a reasonable doubt standard would not have found the same material facts that a judge found by a

concerning drug quantity drove Nelson's guideline range above the statutory maximum, Nelson's sentence was limited to the statutory maximum. For the sentencing guideline range to fall below the statutory maximum, the district court would have had to find Nelson responsible for less than 10,000 kilograms of marijuana equivalent, or less than 2.2338 percent of the "very, very conservative" estimate of 447,670 kilograms actually found by the district court.[5] (Sent. Tr. at 130, 132.) Moreover, the enhancements for possession of a firearm and role in the offense were immaterial to the sentence imposed, because even without the enhancements, Nelson's guideline range was 360 months to life. Therefore, it is unlikely Nelson would receive a more lenient sentence on remand. Nelson's conclusory statement on appeal that "it is questionable whether a jury would have found beyond a reasonable doubt that Nelson was involved in this long drug manufacturing conspiracy" does not change that result, especially given the limitations of his appellate rights. (Appellant's Br. at 24.)

However, even if Nelson has satisfied the third prong of the plain error

preponderance of the evidence. . . .").

[5] With a criminal history category of VI, Nelson would have had to have a final offense level of 33 or less for his sentencing range to fall below the statutory maximum of twenty years imprisonment. USSG §5A (Sentencing Table). Factoring in his two point reduction for acceptance of responsibility, Nelson would have had to have a base offense level of 35 or less for his range to fall below the statutory maximum. Marijuana equivalent in the amount of at least 10,000 kilograms, but less than 30,000 kilograms would have resulted in a base offense level of 36. USSG §2D1.1(a)(3). Thus, Nelson would have had to have been found responsible for less than 10,000 kilograms of marijuana equivalent for his guideline range to fall below the statutory maximum.

standard, we conclude he has not met the fourth. *See Gonzalez-Huerta,* 403 F.3d at 736 (concluding it was not necessary to determine whether the third prong of the plain error test was met because the fourth prong must also be satisfied to obtain relief and the fourth prong was not met). "Under the fourth prong of plain-error review, a court may exercise its discretion to notice a forfeited error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* If "non-constitutional [*Booker*] error" is involved, as in this case, the standard for satisfying the fourth prong is "demanding" - the defendant must show that the error is "particularly egregious" and that our failure to notice it would result in a "miscarriage of justice." *Dazey*, 403 F.3d at 1178 (quotations omitted)*; Gonzalez-Huerta*, 403 F.3d at 736-37.

We have recognized that in most cases involving "non-constitutional *Booker* error" the defendant will be unable to satisfy the fourth prong. *Trujillo-Terrazaz*, 405 F.3d at 820-21. We have developed a number of factors that might satisfy the fourth prong: (1) a substantial increase in the sentence based on *Booker* error; (2) evidence the district court would likely impose a significantly lighter sentence on remand; (3) a substantial lack of evidence supporting the entire sentence the guidelines required the court to impose; (4) a demonstration that the 18 U.S.C. § 3553(a) factors warrant a departure from the suggested guidelines sentence, and (5) other evidence unique to the defendant that demonstrates a failure in the sentencing process. *United States v. Dowlin,* 408

F.3d 647, 671 (10th Cir. 2005). None of these factors are present in this case.

### B. Ex Post Facto

Finally, Nelson advances a minimally developed ex post facto argument. Relying on *Rogers v. Tennessee*, 532 U.S. 451, 456-57 (2001), and *Bouie v. City of Columbia*, 378 U.S. 347, 352, 354 (1964), he summarily argues the retroactive application of Justice Breyer's opinion in *Booker* violates the Ex Post Facto Clause and ex post facto principles inherent in the Due Process Clause of the Fifth Amendment. In effect, Nelson seeks the benefit of the Court's constitutional holding in *Booker* without the burden of the remedial opinion.

Article I of the U.S. Constitution provides that neither Congress nor the states shall pass an "ex post facto Law." *See* U.S. Const. art. I, § 9, cl. 3; art. I, § 10, cl. 1. Although by its terms the Ex Post Facto Clause limits legislatures instead of the judiciary, "limitations on *ex post facto* judicial decisionmaking are inherent in the notion of due process." *Rogers,* 532 U.S. at 456. "An Ex Post Facto violation occurs only when a law retroactively alters the definition of crimes or increases the punishment for criminal acts." *United States v. Andrews*, 447 F.3d 806, 809 (10th Cir. 2006) (internal quotation and citation omitted). We easily dispose of Nelson's argument as every circuit, including this one, has considered and rejected it. *United States v. Rines*, 419 F.3d 1104, 1106-07 (10th Cir. 2005) ("We decline Defendant's invitation to hold that the Supreme Court ordered us to violate the Constitution . . . . The only difference between the

*Booker* regime under which his sentence is determined and the regime he would have anticipated at the time of his offense is that the guidelines are not mandatory."), *cert. denied*, 126 S.Ct. 1089 (2006).[6]

AFFIRMED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

[6] *See United States v. Perez-Ruiz*, 421 F.3d 11, 15 (1st Cir.), *cert. denied*, 126 S.Ct. 1092 (2005); *United States v. Fairclough*, 439 F.3d 76, 79 (2d Cir.), *cert. denied*, 126 S.Ct. 2915 (2006); *United States v. Pennavaria*, 445 F.3d 720, 724 (3d Cir. 2006); *United States v. Davenport*, 445 F.3d 366, 369-70 (4th Cir. 2006); *United States v. Charon*, 442 F.3d 881, 893 (5th Cir. 2006); *United States v. Richardson,* 437 F.3d 550, 555 (6th Cir. 2006)*; United States v. Hale*, 448 F.3d 971, 988 (7th Cir. 2006)*; United States v. Counce,* 445 F.3d 1016, 1019 (8th Cir. 2006); *United States v. Staten*, 450 F.3d 384, 388-89 (9th Cir. 2006); *United States v. Thomas*, 446 F.3d 1348, 1354 (11th Cir. 2006); *United States v. Alston-Graves*, 435 F.3d 331, 343 (D.C. Cir. 2006).