# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-3550

———————

United States of America,     *
                    *

       Plaintiff - Appellee,     *
                    *    Appeal from the United States

v.                    *    District Court for the
                    *    Western District of Missouri.

Eugene Borkowski,        *
                    *        **[UNPUBLISHED]**

       Defendant - Appellant.    *

———————

Submitted: May 18, 2006
Filed: August 18, 2006

———————

Before LOKEN, Chief Judge, JOHN R. GIBSON and COLLOTON, Circuit Judges.

———————

PER CURIAM.

Eugene Borkowski pleaded guilty to child pornography possession and distribution offenses after an investigation uncovered more than 600 pornographic images, many depicting adult men engaged in sexually explicit acts with young children. The presentence investigation report recommended a four-level increase for possession of "material that portrays sadistic or masochistic conduct," U.S.S.G. § 2G2.2(b)(3) (2003), which produced an advisory guidelines sentencing range of 87 to 108 months. At sentencing, the district court[1] overruled Borkowski's objection to

———————

[1]The HONORABLE GARY A. FENNER, United States District Judge for the Western District of Missouri.

this increase and sentenced him to 108 months in prison. Borkowski appeals, arguing as he did to the district court that the Ex Post Facto Clause and the Due Process Clause prohibit the retroactive application of United States v. Booker, 543 U.S. 220 (2005), in this manner. More specifically, he argues that he "is entitled to the benefit of the Sixth Amendment holding of Blakely and Booker, but cannot be disadvantaged by the remedial portion of Booker."

We have squarely rejected this argument in a number of decisions issued after the filing of Borkowski's appeal brief. United States v. Lyons, 450 F.3d 834, 837-38 (8th Cir. 2006); United States v. Counce, 445 F.3d 1016, 1019 (8th Cir. 2006); United States v. Wade, 435 F.3d 829, 831 (8th Cir. 2006). To briefly summarize these controlling decisions, the Ex Post Facto Clause does not apply to actions by the judiciary; Borkowski's sentence does not violate the due process concept of fair warning because a sentencing court could have imposed the four-level enhancement based on facts found by a preponderance of the evidence at the time he committed the offenses; and the Supreme Court in Booker expressly directed that both facets of its decision be applied retroactively. See Wade, 435 F.3d at 831-32.

The judgment of the district court is affirmed.

_____