# United States Court of Appeals
### For the Eighth Circuit
_____

No. 20-2354
_____

United States of America

*Plaintiff - Appellee*

v.

Jose Luis Espinoza, Jr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: May 10, 2021
Filed: September 3, 2021
[Unpublished]
_____

Before SMITH, Chief Judge, SHEPHERD and GRASZ, Circuit Judges.
_____

PER CURIAM.

Jose Luis Espinoza, Jr., appeals his 240-month sentence for conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A),

846. Espinoza challenges several aspects of the district court's[1] sentence. We affirm.

In February 2020, Espinoza pled guilty to one count of conspiracy to distribute methamphetamine. At sentencing, the district court calculated a total offense level of 40, and a criminal history category of I, resulting in a United States Sentencing Guidelines Manual ("Guidelines") sentencing range of 292 to 365 months of imprisonment. *See* U.S.S.G. § 5A. This included a two-level enhancement for importing methamphetamine, U.S.S.G. § 2D1.1(b)(5), and a three-level enhancement for his supervisory role in the conspiracy, U.S.S.G. § 3B1.1(b).

At the sentencing hearing, the district court considered the 18 U.S.C. § 3553(a) factors, the parties' arguments, and the presentence report. Espinoza challenged the proposed enhancement of his sentence under U.S.S.G. §§ 2D1.1(b)(5) and 3B1.1(b), arguing there was insufficient evidence to establish he imported methamphetamine from Mexico and that he supervised the drug conspiracy. The district court determined both enhancements applied and then sentenced Espinoza to 240 months of imprisonment, more than 50 months below the bottom of the Guidelines range.

On appeal, Espinoza first argues the district court violated his federal Sixth Amendment rights by imposing a sentence that "exceeded the amount authorized by a jury finding." Espinoza also asserts the district court violated his Sixth Amendment rights by treating the Guidelines range as mandatory. Neither argument has merit. Espinoza offers no legal support or explanation as to how or why the district court's sentence exceeded the amount permitted for his crime.[2] And the

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

[2]To the extent Espinoza argues the Sixth Amendment requires a jury (instead of a judge) to decide whether certain sentencing enhancements apply, the argument is foreclosed by precedent. *See United States v. Wade*, 435 F.3d 829, 831 (8th Cir.

record does not show the district court believed the Guidelines range was mandatory. To the contrary, the district court explained the Guidelines were "not in any way controlling" and varied below the advisory range. We thus reject Espinoza's constitutional challenges.

Espinoza also argues the district court erred by not recognizing its ability to sentence him below the statutory minimum under U.S.S.G. § 5C1.2. Under this so-called "safety-valve" provision, a defendant convicted of certain drug offenses may be sentenced below the statutory minimum sentence if, among other conditions, he "was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise[.]" U.S.S.G. § 5C1.2(a)(4). But the district court found Espinoza was a manager or supervisor under U.S.S.G. § 3B1.1(b), explaining Espinoza participated "at a very, very high level" in the conspiracy to distribute a "staggering amount of pure methamphetamine." And the record supported this finding, including Espinoza's admission in his plea agreement to obtaining distributable quantities of the methamphetamine, and selling those drugs to different individuals on multiple occasions. Espinoza admitted to setting the price of the drugs and causing them to be delivered, activity consistent with that of a manager or supervisor. *See United States v. Gaines*, 639 F.3d 423, 429 (8th Cir. 2011) (concluding the defendant's role in distributing drugs "to others, at a price [the defendant] set, for redistribution in smaller quantities," combined with other factors, supported an enhancement under U.S.S.G. § 3B1.1(b)). Thus, Espinoza was ineligible for safety-valve relief. *See* U.S.S.G. § 5C1.2(a)(4).

For the foregoing reasons, we affirm the district court's judgment.

_____

2006) (judicial fact-finding to determine the advisory Guidelines range does not violate the Sixth Amendment).