THE STATE EX REL. WARNOCK, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Warnock v. Indus. Comm.,*
100 Ohio St.3d 34, 2003-Ohio-4833.]

(No. 2003–0039—Submitted August 26, 2003—Decided September 24, 2003.)

**Per Curiam.**

{¶ 1} The workers' compensation claim of appellant-claimant, Ronald D. War-
nock, has been allowed for two low-back conditions. On July 20, 1999, claimant
applied to appellee Industrial Commission of Ohio for an increase in his percent-
age of permanent partial disability ("PPD").

{¶ 2} Claimant was medically examined on the commission's behalf by Dr.
Bhaskar K.V. Reddy. In that report, Dr. Reddy accurately listed claimant's
workers' compensation claim number, date of injury, allowed conditions, and
employer, appellee Cincinnati Milacron, Inc. He correctly described how claim-
ant had been injured, the symptoms of his injury, the duties of his position of
employment, his course of treatment, and his treating physicians.

{¶ 3} Dr. Reddy's report identified claimant eight times by name. On one
occasion, claimant is inadvertently referred to as Otis Lewis. Claimant is also
incorrectly reported as being 57 years old and five feet, eight inches tall, instead
of his true age (59 years) and height (five feet, nine inches).

{¶ 4} The record also contains a May 8, 2000 report by Dr. Arnold R. Penix.
It incorrectly lists claimant as 64 rather than 60 years old. Claimant does not
dispute the accuracy of the remaining facts in Dr. Penix's report.

{¶ 5} The commission assessed a ten percent PPD, which represented a five
percent increase over a previous award.

{¶ 6} Dissatisfied with the amount of the award, claimant filed a complaint in
mandamus in the Court of Appeals for Franklin County. Citing the inaccuracies
in the Reddy and Penix reports, claimant sought to have them disqualified from

evidentiary consideration, which would leave the 24–percent impairment assessment by Dr. Richard M. Ward as the sole evidence before the commission. The court of appeals denied the requested writ. It found the inaccuracies to be harmless and inadvertent:

{¶ 7} "[W]hen Dr. Reddy's report is viewed in total, it is apparent that his report refers to [claimant]. * * * [T]he physical objective findings, history review, and treatment overview contained in all of the reports from Drs. Reddy, Arnold Penix, and Richard Ward, are substantially the same."

{¶ 8} The court went on to list 12 items in the reports by Drs. Reddy and Penix that accurately recite information relevant to claimant's medical history, condition, and PPD application.

{¶ 9} This cause is now before this court upon an appeal as of right.

{¶ 10} Claimant asks us to invalidate the Reddy and Penix reports, alleging that they are fatally equivocal and ambiguous. Because we do not concur in this assessment, we reject claimant's request.

{¶ 11} These reports were neither equivocal nor ambiguous. There is nothing contradictory or unclear about either report. The discrepancies in height and age are minor and are irrelevant to the assessment of the *medical*-impairment percentage that the doctors were asked to provide. Moreover, we do not view the single misidentification of claimant in Dr. Reddy's report as attributable to anything other than harmless inadvertence. Claimant is otherwise correctly referred to by name eight times, and the accurate enumeration of his medical history, occupational history, treatment history, and physical findings leaves no doubt that Dr. Reddy had indeed examined and was describing claimant.

{¶ 12} The judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

---

Thompson, Meier & Dersom and Adam H. Leonatti, for appellant.

Jim Petro, Attorney General, and Jacob Dobres, Assistant Attorney General, for appellee Industrial Commission.

Scheuer, Mackin & Breslin, L.L.C., Edna Scheuer and Eric A. Rich, for appellee Cincinnati Milacron, Inc.