DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, David Lee Newman, appeals from the decision of the Summit County Court of Common Pleas which sentenced him to thirteen years incarceration, subjected him to post-release control, and ordered him to pay the costs of the action. We affirm in part, vacate Defendant's sentence, and remand
 {¶ 2} Defendant was originally charged with four counts of aggravated robbery, in violation of R.C. 2911.01(A)(1), each with an attached gun specification. On January 18, 2002, following a failed polygraph examination, Defendant pleaded guilty to one count of aggravated robbery, with the attached specification, whereupon the remaining counts were dropped. The court sentenced Defendant to ten years on the aggravated robbery count, and three years on the gun specification, to be served consecutively. The court further noted that Defendant would be subject to post-release control, and ordered Defendant to pay the costs of the action. Defendant timely appealed that original sentence, and the Ohio Supreme Court eventually reversed and remanded the sentence due to the trial court's failure to make certain required findings on the record under State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165. State v. Newman, 100 Ohio St.3d 34,2003-Ohio-4754.
 {¶ 3} On remand, Defendant filed a motion to withdraw his plea, which the trial court denied. At the re-sentencing hearing, the court indicated that it would impose a sentence of ten years for the aggravated robbery and three years for the specification, for a total of thirteen years incarceration. The court failed to explain that Defendant would be subject to post-release control, and did not, at the hearing, order Defendant to pay costs. The sentencing entry, however, stated that Defendant would be subject to post-release control and ordered him to pay the costs associated with the action. Defendant appealed from that decision, raising four assignments of error for our review.[1] For ease of discussion, we will address some assignments of error out of order.
 ASSIGNMENT OF ERROR I
"The trial court erred by denying [Defendant's] presentence motion to withdraw his plea."
 {¶ 4} In his first assignment of error, Defendant alleges that the trial court erred in denying his motion to withdraw his plea. Defendant insists that his original plea was involuntary: "[Defendant] pleaded guilty because his original trial counsel failed to prepare for trial." Accordingly, Defendant states that his motion to withdraw his plea, entered before re-sentencing, should have been granted. We disagree.
 {¶ 5} Crim.R. 32.1 permits a defendant to file a pre-sentence motion to withdraw his plea. A defendant, however, has no absolute right to withdraw his plea. State v. Xie (1992),62 Ohio St.3d 521, paragraph two of the syllabus. While a trial court should feely and liberally grant a motion to withdraw a plea, the decision rests within the sound discretion of the trial court. Id. at 526. We review the trial court's denial of a motion to withdraw plea for an abuse of discretion. Id. An abuse of discretion implies more than a mere error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its own judgment for that of the trial court. Id.
 {¶ 6} A trial court does not abuse its discretion in denying a motion to withdraw plea where three elements are met. State v.Robinson, 9th Dist. No. 21583, 2004-Ohio-963, at ¶ 30. First, the defendant must have been represented by competent counsel; second the court must provide the defendant a full hearing prior to accepting the original guilty plea; and, finally, the court must provide a full hearing to the defendant, considering all the arguments in favor of withdrawal of his plea, before rendering a decision on the motion. Id. Where a defendant alleges that his counsel was incompetent, or provided bad legal advice, it is still within the discretion of the court to deny a motion to withdraw a plea if the court determines that the attorney's acts were not the deciding factor in the defendant's guilty plea.State v. Donner (1994), 96 Ohio App.3d 486, 493.
 {¶ 7} In this case, Defendant challenges all three of these elements. First, he states that his counsel was not competent, as counsel was not prepared to go to trial and had not subpoenaed Defendant's necessary alibi witness. The record indicates that a notice of alibi defense was timely filed before trial, yet no subpoena was issued for any defense witnesses. In addition, a letter to the court many months prior to trial indicated that Defendant was not satisfied with the amount of time that defense counsel had dedicated to this case. However, any indication that defense counsel was completely unprepared for trial, as alleged by Defendant, is supported only by Defendant's base assertion.
 {¶ 8} Further, Defendant makes no showing of the ineffective assistance of his counsel. In order to support such a claim, Defendant must show that the acts of his counsel were ineffective, and that those acts prejudiced Defendant. State v.Bradley (1989), 42 Ohio St.3d 136, 141-42. Even if we assume for the sake of argument that his counsel was completely unprepared for trial, Defendant has failed to show this Court how he was prejudiced by that failure. He offered no evidence regarding the content of the testimony of the alleged alibi witness. This Court simply will not sustain an ineffective assistance of counsel claim based on pure speculation as to what a witness might have said at trial. See State v. Stalnaker, 9th Dist. No. 21731, 2004-Ohio-1236, at ¶ 8-9.
 {¶ 9} As to the second element, the trial court conducted a full hearing on the voluntary nature of Defendant's plea. When asked whether he was under any compulsion to plead guilty, Defendant answered unequivocally that he was not. Defendant is correct that, in certain cases, a guilty plea is rendered involuntary where a defendant pleads guilty based on the lack of faith in his attorney. See State v. Gordon,149 Ohio App.3d 237, 2002-Ohio-2761, at ¶ 17-18. In that case, however, the defendant continually put the court on notice that he was only pleading guilty due to his distrust of counsel's abilities. Id. at ¶ 16. In the case at bar, there is no indication on the record that Defendant, at the time of trial, found his counsel incompetent or unprepared. Again, we will not find Defendant's plea involuntary based on the speculation of what may have occurred where no evidence on the record supports such allegations.
 {¶ 10} Defendant was also afforded a full hearing by the court on his motion to withdraw his plea, regardless of the last minute nature of that motion. The motion in this case is actually absent from the record and does not appear on the docket sheet. However, when Defendant appeared before the trial court for sentencing, the judge indicated that she was "handed [the motion] seconds ago[.]" The State also stated that it had not received the motion until the morning of the sentencing hearing. The court permitted argument by both parties.
 {¶ 11} The State reminded the court that Defendant had failed a polygraph examination soon before trial, the results of which would have been admissible by prior stipulation. Also, the State mentioned the expense necessary to bring back two of the witnesses from England for trial, both of whom had been present and waiting for the trial to commence the morning that Defendant entered his original guilty plea.
 {¶ 12} Defense counsel, on the other hand, highlighted the timing of Defendant's plea: Defendant was "very clear that he want[ed] to go to trial[,]" and pleaded guilty only after defense counsel insisted upon conferencing with Defendant, a discussion which Defendant tried firmly to resist by stating that he wanted to go to trial. Counsel further illustrated with the docket that a notice of alibi had been timely filed, yet no subpoena had issued for the alibi witness. When offered the opportunity to speak on his own behalf at the hearing, Defendant opted not to as the court indicated that it had enough information in front of it to make a decision on the motion to withdraw the plea.
 {¶ 13} Following these arguments by both parties, the court carefully considered, on the record, the multiple factors presented, and rendered a decision to deny the motion. The court first noted that the timing of Defendant's plea was not unusual: "I have every single day of the week defendants who say, `I'm ready to go to trial,' and then five, ten minutes later decide they want to change their mind. I certainly don't think that's unusual whatsoever." The court found significant that Defendant had recently failed a polygraph test, the results of which were admissible at trial, and that he pleaded guilty only after speaking with family members. She further noted the failure of Defendant to ever raise the particular argument that counsel was unprepared in the two years since he was originally sentenced, and considered the expense of bringing the two witnesses back from England for a second time.
 {¶ 14} After reviewing the record, we find that the trial court did not abuse its discretion in denying Defendant's motion to withdraw his plea. Licensed attorneys are presumed competent in Ohio. State v. Lytle (1976), 48 Ohio St.2d 391, 397. Defendant has failed to show that his counsel was not competent, the trial court afforded him a full hearing on the voluntary nature of his plea, and the court further carefully considered the arguments supporting his motion to withdraw his plea in a second hearing. Accordingly, we overrule Defendant's first assignment of error.
 ASSIGNMENT OF ERROR III
"The trial court erred by adding punishment in the judgment entry of sentence."
 {¶ 15} In his third assignment of error, Defendant argues that the trial court erred by adding post-release control and costs to his sentence. The judge failed to inform Defendant at the hearing that he would be subject to post-release control, and Defendant opines that the court may not properly subject him to that additional requirement in the sentencing entry. The State concedes this error, and urges us to remand to the trial court only for the proper instruction to Defendant regarding post-release control. Defendant, on the other hand, urges us to either vacate the entire sentence and remand for re-sentencing, or vacate the post-release control portion of the sentence without remand
 {¶ 16} The Ohio Supreme Court addressed this issue a mere day before this Court heard oral argument in this case. The Court found that a trial court must deliver certain statutorily required notification regarding post-release control to a defendant at the sentencing hearing. State v. Brooks,103 Ohio St.3d 134, 2004-Ohio-4746, paragraph one of the syllabus. "When a trial court makes an error in sentencing a defendant, the usual procedure is for an appellate court to remand to the trial court for resentencing." Id. at ¶ 33, citing R.C. 2953.08(G) andComer at ¶ 10, 23, 27. Accordingly, we must vacate Defendant's sentence and remand for resentencing due to the trial court's failure to give the requisite post-release control notification under Brooks. This renders the issue of lack of notification regarding imposition of costs moot, and, as such, we refrain from addressing that issue. See Civ.R. 12(A)(1)(c).
 {¶ 17} We sustain Appellant's third assignment of error.
 ASSIGNMENT OF ERROR II
"The trial court erred by imposing the maximum sentence."
 ASSIGNMENT OF ERROR IV
"The trial court erred by imposing costs."
 {¶ 18} In his second assignment of error, Defendant argues that the trial court erred in imposing the maximum sentence of ten years for the aggravated robbery charge. Defendant states that the record does not support imposition of the maximum sentence because he did not commit the worst form of aggravated robbery and he does not pose the greatest likelihood of recidivism. In his fourth assignment of error, Defendant contends that the trial court erred by imposing costs on an indigent defendant. He states that R.C. 2929.14 prohibits a court from imposing costs upon an indigent defendant. Because we have vacated the entire sentence and remanded this case for re-sentencing, we refrain from addressing both of these assignments of error as they are moot. See Civ.R. 12(A)(1)(c).
 {¶ 19} We overrule Defendant's first assignment of error, sustain Defendant's third assignment of error, and vacate Defendant's sentence, rendering his second and fourth assignments of error moot. This cause is remanded to the trial court for re-sentencing in accordance with this opinion.
Affirmed in part, sentence vacated, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
Exceptions.
Whitmore, P.J., Batchelder, J., concur.
[1] Appellant attempted to add an additional assignment of error after the State filed its brief. Appellant's motion to file an amended/supplemental brief was denied, thus we will only consider the four assignments of error properly raised in Appellant's original brief.