DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, David Lee Newman, appeals from his sentencing in the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} Appellant was originally charged with four counts of aggravated robbery, in violation of R.C. 2911.01(A)(1), each with a gun specification. On January 14, 2002, following a failed polygraph examination, Appellant pleaded guilty to one count of aggravated robbery, with the attached specification, whereupon the remaining counts were dropped. The court sentenced Appellant to ten years on the aggravated robbery count and three years on the gun specification, to be served consecutively. The court further noted that Appellant would be subject to post-release control and ordered Appellant to pay the costs of the action. Appellant timely appealed that original sentence. On appeal, Appellant asserted that the trial court erred in sentencing him to a maximum sentence. This Court affirmed Appellant's sentence, finding that the trial court had properly determined that Appellant committed the worst form of the offense and posed the greatest likelihood of committing future crimes. State v.Newman, 9th Dist. No. 20981, 2002-Ohio-4250. The Ohio Supreme Court accepted Appellant's appeal and reversed and remanded the sentence due to the trial court's failure to make certain required findings on the record as required under State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165. State v. Newman,100 Ohio St.3d 34, 2003-Ohio-4754.
 {¶ 3} On remand, Appellant filed a motion to withdraw his guilty plea, which the trial court denied. At the re-sentencing hearing, the court indicated that it would impose a sentence of ten years for the aggravated robbery conviction and three years for the specification, for a total of thirteen years incarceration. The court failed to explain that Appellant would be subject to post-release control, and did not, at the hearing, order Appellant to pay costs. The sentencing entry, however, stated that Appellant would be subject to post-release control and ordered him to pay the costs associated with the action. Appellant timely appealed. This Court upheld the plea bargain but vacated the conviction because the trial court had failed to give the requisite post-release control notification as required underState v. Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746, paragraph one of the syllabus. State v. Newman, 9th Dist. No. 21970,2004-Ohio-5180.
 {¶ 4} On remand, Appellant and his counsel attempted to renew his motion to withdraw his guilty plea. The trial court refused to hear the motion, noting that the trial court had already denied that motion and that this Court had already affirmed the trial court's denial of the motion. On November 17, 2005, the trial court sentenced Appellant to a maximum thirteen years in prison. Appellant timely appealed the court's ruling, raising two assignments of error for our review.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED BY IMPOSING AN ILLEGAL SENTENCE."
 {¶ 5} In Appellant's first assignment of error he contends that the trial court erred by imposing an illegal sentence. More specifically, Appellant contends that the trial court's imposition of the non-minimum consecutive prison terms was unconstitutional under Blakely v. Washington (2004),542 U.S. 296, because only a jury can make the findings necessary to impose such a sentence and that the matter must, therefore, be remanded for re-sentencing under State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. We disagree.
 {¶ 6} A review of the record reflects that Appellant never challenged the constitutionality of Ohio's statutes in the trial court. In State v. Dudukovich, 9th Dist. No. 05CA008729,2006-Ohio-1309, certiorari denied 2006-Ohio-0894, we held that a defendant must raise the constitutionality of Ohio's sentencing statutes in order to preserve the argument, including an argument under Foster, on appeal. See State v. Metz, 9th Dist. No. 22763, 2006-Ohio-1551, at ¶ 9-10; State v. Duffield, 9th Dist. No. 22634, 2006-Ohio-1823, at ¶ 72-74. The record shows that Appellant was sentenced on November 17, 2005, well afterBlakely was decided. As Appellant failed to raise any objection to his sentence in the trial court and specifically failed to challenge the constitutionality of Ohio's sentencing statutes, he is precluded from raising this argument for the first time on appeal. In addition, as Appellant has not alleged that the trial court committed plain error in his sentencing, we decline to address the issue.[1]
 {¶ 7} In Foster, supra, the Court agreed with the defendants' arguments that Ohio's sentencing structure violated the Sixth Amendment to the extent that it required judicial factfinding. Id. at paragraphs one through seven of the syllabus. In constructing a remedy, the Foster court excised the provisions it found to offend the Constitution, granting trial court judges full discretion to impose sentences within the ranges prescribed by statute. Id. Consequently, the trial court is no longer required to consider whether Appellant committed the worst form of the offense or posed the greatest likelihood to reoffend.
 {¶ 8} Here, Appellant pled guilty to one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree, with the firearm specification. The trial court sentenced Appellant to ten years on the aggravated robbery conviction and three years on the firearm specification. This sentence fell within the range outlined in R.C. 2929.13(F) and R.C.2929.14(A)(5). Appellant pointed a firearm at four strangers and demanded that they give him their wallets. In addition, Appellant had prior convictions for two aggravated burglaries and a probation violation. Furthermore, he expressed no remorse for his actions. We find no error in his sentence.
 {¶ 9} We note that several Ohio appeals courts have remanded for resentencing despite an appellant's failure to raise aBlakely objection in the trial court. See, e.g., State v.Miller, 2d Dist. No. 21054, 2006-Ohio-1138; State v. CustodiaMota, et al., 6th Dist. No. L-04-1354, 2006-Ohio-3800; State v.Williams, 11th Dist. No. 2004-A-0052, 2006-Ohio-2008. Both the Sixth District Court of Appeals in Custodia Mota and the Tenth District Court of Appeals in State v. Payne, 10th Dist. No. 05AP-517, 2006-Ohio-2552, have certified this conflict to the Ohio Supreme Court for review. Upon review of the latter decisions, we see no reason to revisit Dudukovich or its progeny.
 {¶ 10} Appellant additionally asserts that the remedy outlined in Foster violates the ex post facto and due process clauses of the U.S. Constitution because it effectively increases the presumptive sentences for first-time offenders and exposes those convicted of fourth and fifth degree felonies to the statutory maximum. Appellant notes that under the sentencing statutes in effect during his plea and sentencing, there was a presumption that he would be sentenced to a minimum sentence of three years for aggravated robbery plus three years for the gun specification.
 {¶ 11} We are obligated to follow the Ohio Supreme Court's directive and we are, therefore, bound by Foster. Furthermore, we are confident that the Supreme Court would not direct us to violate the Constitution. See U.S. v. Wade (C.A.8, 2006),435 F.3d 829, 832 (holding that the Eighth Circuit is required to follow the directive of the U.S. Supreme Court and presuming that the U.S. Supreme Court would not order a court to violate the Constitution). As this Court cannot overrule or modify Foster,
we decline to consider Appellant's challenges thereto. Appellant will have the opportunity to present these arguments to the Supreme Court if he chooses to appeal from this decision.
 {¶ 12} Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED BY REFUSING TO HEAR [APPELLANT'S] PRESENTENCE MOTION TO WITHDRAW HIS PLEA."
 {¶ 13} In his second assignment of error, Appellant contends that the trial court erred by refusing to hear his pre-sentence motion to withdraw his guilty plea. Appellant raised this issue in his previous appeal and this Court affirmed the trial court's prior denial of this motion. See State v. Newman, 9th Dist. No. 21970, 2004-Ohio-5180. Appellant did not file a new motion to withdraw his plea but rather sought to renew the previous motion to withdraw. The trial court could not address Appellant's motion to withdraw his guilty plea because renewal is barred by res judicata. Appellant's second assignment of error is overruled.
 III. {¶ 14} Appellant's two assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, J., Boyle, J., concur.
[1] In his reply brief, Appellant argues that his sentence constitutes plain error. Appellant raises this issue for the first time in his reply brief. Pursuant to Loc.R. 7(D), reply briefs are restricted to matters in rebuttal of the appellee's brief. "Proper rebuttal is confined to new matters in the appellee's brief." Loc.R. 7(D). Appellant may not raise new assignments of error or new issues for consideration in his reply brief; rather, the reply brief is "merely an opportunity to reply to the brief of the appellee." State v. Palmison, 9th Dist. No. 20854, 2002-Ohio-2900, at ¶ 32, fn.2, quoting Sheppard v. Mack
(1980), 68 Ohio App.2d 95, 97, fn.1. This Court, therefore, declines to address the issue of the trial court's plain error, because it is not properly before us. In addition, Appellant argues in his reply brief that his trial counsel was ineffective for failing to raise a Blakely challenge. As Appellant also raises this issue for the first time in his reply brief, we similarly decline to consider it.