DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant Arthur Hildreth appeals the decision of the Lorain County Court of Common Pleas sentencing him to a term of imprisonment to run consecutively to a term of imprisonment imposed by the Medina County Court of Common Pleas. We affirm.
 {¶ 2} On February 7, 2001, Defendant was indicted by a Lorain County Grand Jury on one count of felonious assault in violation of RC 2903.11(A)(2), a second-degree felony. Defendant pled guilty on February 15, 2002, in the Lorain County Court of Common Pleas, to an amended charge of aggravated assault in violation of RC 2903.12(A), a fourth-degree felony. The court attempted to sentence Defendant on May 1, 2002, but he failed to appear. On May 13, 2002, Defendant was sentenced to three years of community control and was ordered to pay restitution.
 {¶ 3} On October 29, 2003, Defendant stipulated that probable cause existed to find that he had violated the community control sanctions. He then failed to appear at a merits hearing scheduled for December 10, 2003. Before a hearing could be held in Lorain County, Defendant was arrested in Medina County for possession of crack cocaine in violation of RC 2925.11(C)(4)(c), a third-degree felony, and trafficking in crack cocaine in violation of RC2925.03(C)(4)(a), a fifth-degree felony. He was sentenced to a two-year term of imprisonment on November 25, 2005, after a no-contest plea.
 {¶ 4} The hearing for the community control violations in Lorain County was finally held on January 18, 2006. The state informed the trial judge that Defendant had not served any of the required hours of community service, had paid none of the supervision fees, and had failed to pay restitution. Defendant waived a hearing on the issue of probable cause, and the hearing was held on the merits. The judge sentenced him to six months in the Lorain County Jail and specified that the term was to be served consecutively to the term imposed in Medina County. Defendant timely appeals from this sentence in Lorain County, asserting one assignment of error.
 FIRST ASSIGNMENT OF ERROR
"The trial court erred when it sentenced [Defendant] to a consecutive jail term for a violation of community control."
 {¶ 5} Defendant contends that the trial court erred in imposing a sentence that was to be served consecutively to the sentence in Medina County. He argues that this decision violated RC 2929.41(A), which reads "Except as provided in division (B) of this section, * * * a prison term, jail term or sentence of imprisonment shall be served concurrently with any other prison term, jail term or sentence of imprisonment imposed by a court of this state, another state, or the United States." He argues further that the statute should be applied as it reads above, and that the Ohio Supreme Court's decision in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, should not apply to this case because a retroactive application of that decision violates the ex post facto clause of both the United States Constitution and the Ohio Constitution, as well as the right to due process under both constitutions.
 {¶ 6} Defendant's contention is without merit because the application of Foster in this context is not a violation of the prohibition against ex post facto laws, nor does it violate Defendant's due process rights.
 {¶ 7} In reviewing the sentence imposed by a trial court, an appellate court applies an abuse of discretion standard. SeeState v. Windham, 9th Dist. No. 05CA0033, 2006-Ohio-1544, ¶ 12;State v. Chavers, 9th Dist. No. 04CA0022, 2005-Ohio-714, at ¶ 5; State v. Barry, 9th Dist. No. 05CA0072, 2006-Ohio-2275, at ¶ 6. An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Freeman v. Crown CityMining, Inc. (1993), 90 Ohio App.3d 546, 552, 630 N.E.2d 19.
 {¶ 8} After Defendant was sentenced in the Lorain County Court of Common Pleas, the Supreme Court of Ohio decided Foster
in which it held that portions of Ohio's sentencing scheme violated the Sixth Amendment of the United States Constitution, per Blakely v. Washington (2004), 542 U.S. 296, in that they required judicial fact finding. Among the provisions of the sentencing scheme that were found to be unconstitutional was RC2929.41(A), under which Defendant had been sentenced. The Court excised all provisions that it found to be unconstitutional. SeeFoster, at paragraphs three and four of the syllabus.
 {¶ 9} The Supreme Court has held that "[t]he general rule is that a decision of the court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former was bad law, but that it never was the law." Peerless Electric Co. v. Bowers (1955), 164 Ohio St. 209,129 N.E.2d 467. The Supreme Court later extended that holding to include cases in which they overturned statutes that were unconstitutional, and clearly stated that such decisions should be applied retroactively. Wendell v. Ameritrust Corp. N.A.
(1985), 69 Ohio St.3d 74, 77, 630 N.E.2d 368. In this case, whenFoster is applied retroactively, it serves to nullify the applicable statute that offended the Constitution, namely RC2929.41(A).
 {¶ 10} Defendant's contention that this retroactive application of Foster is a violation of the ex post facto and due process clauses of the state and federal constitutions is without merit. This question was decided by this court in Statev. Newman, 9th Dist. No. 23038, 2006-Ohio-4082, in which the defendant argued that retroactive application of Foster exposed defendants to the maximum sentence when, at the time of sentencing, there was a presumption in their favor that they would receive a minimum or lesser sentence. As this court explained, "We are obligated to follow the Ohio Supreme Court's directive and we are, therefore, bound by Foster. Furthermore, we are confident that the Supreme Court would not direct us to violate the Constitution." Newman, at ¶ 11, citing U.S. v.Wade (C.A.8, 2006), 435 F.3d 829, 832 (holding that the Eighth Circuit is required to follow the directive of the U.S. Supreme Court and presuming that the U.S. Supreme Court would not order a court to violate the Constitution). We therefore find that Defendant's contentions regarding ex post facto and due process claims are without merit.
 {¶ 11} When Foster is applied in this situation, as it must be, RC 2929.41 must be treated as if it never existed and as if there were no mandate that Defendant's Lorain County sentence be concurrent with the Medina County sentence. We review the sentence imposed by the trial court for abuse of discretion. When we consider Defendant's sentence in light of the purposes of the Ohio sentencing guidelines, namely to protect the public and to punish the offender, we find that the trial court did not abuse its discretion. Defendant had a history of criminal activity and had made no effort to comply with the community control previously imposed.
 {¶ 12} We therefore hold that Defendant's single assignment of error is without merit. We affirm the trial court's decision.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Carr, J. Moore, J. Concur.