DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant/Defendant, Henry Smith, Jr., appeals from his resentencing after remand by the Ohio Supreme Court to the Summit County Court of Common Pleas. We reverse and remand.
 {¶ 2} On November 5, 2003, and January 22, 2004, Defendant was indicted on one count of Robbery respectively, in violation of R.C.2911.02(A)(2), a second degree felony, and in violation of R.C.2911.02(A)(3), a third degree felony. The matter was tried to a jury starting on March 8, 2004. Defendant was convicted on both counts on March 11, 2004, based on his involvement in two separate robberies at a Marathon gas station and an ATM. Defendant filed a *Page 2 
motion for new trial on April 4, 2004, which motion was denied. On April 26, 2004, Defendant was sentenced to five and three year terms of imprisonment for the second degree and third degree felonies, respectively. The sentences were to be served concurrently. Defendant was also notified of the five year mandatory term of post-release control.
 {¶ 3} Defendant appealed his convictions, which this court affirmed on March 9, 2005. Defendant appealed this Court's decision to the Ohio Supreme Court and on May 3, 2006, the Ohio Supreme Court reversed this Court's ruling as to proposition of law III only and remanded the matter back to the trial court for resentencing consistent with the Ohio Supreme Court's ruling in State v. Foster, 109 Ohio St.3d, 1,2006-Ohio-856.
 {¶ 4} On July 17, 2006, a sentencing hearing was held and Defendant was resentenced to the same terms as the original sentence although he was not notified of the mandatory term of post-release control during the hearing. On July 24, 2006, the trial court entered the sentencing entry setting the sentence imposed and indicating that the trial court notified Defendant of the mandatory five year term of post-release control ("Judgment Entry").
 {¶ 5} Defendant timely appeals the Judgment Entry and raises three assignments of error.
 First Assignment of Error *Page 3 "The trial court erred when it imposed nonminimum prison terms on [Defendant], a person who had never before served a prison term, as nonminimum prison terms contravened the Sixth Amendment to the United States Constitution. Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403; United States v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (Tr. D. Sept. 6, 2006, 17; Tr. P July 17, 2006, at p. 7 ). (Apx. A, E)."
 {¶ 6} Defendant asserts that he was resentenced pursuant to the Ohio Supreme Court's decision in Foster, which remedy cannot be applied to Defendant's case for two reasons: (1) Foster is unconstitutional because it increases the presumptive sentence for a first-time offender, and for anyone convicted of a fourth or a fifth-degree felony, to a statutory maximum, in violation of the ex post facto and due process clauses of the United States Constitution; and (2) Foster conflicts with the Ohio legislature's intent in enacting Senate Bill 2, the "truth in resentencing" reforms embodied in the severed statutes. Defendant notes that under the sentencing statutes in effect at the time he was originally sentenced, there was a presumption that he would be sentenced to a minimum sentence of three years for the second degree robbery conviction and one year for the third degree robbery.
 {¶ 7} The State asserts that the Foster remedy is not a violation of ex post facto laws citing this Court's decision in State v.Hildreth, 9th Dist. No. 06CA008879, 2006-Ohio-5058 and State v.Smith, 2nd Dist. No. 21004, 2006-Ohio-4405. We agree. *Page 4 
 {¶ 8} In reviewing the sentence imposed by a trial court, an appellate court applies an abuse of discretion standard. See State v.Windham, 9th Dist. No. 05CA0033, 2006-Ohio-1544, at ¶ 12; State v.Chavers, 9th Dist. No. 04CA0022, 2005-Ohio-714, at ¶ 5; State v.Barry, 9th Dist. No. 05CA0072, 2006-Ohio-2275, at ¶ 6. An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Freeman v.Crown City Mining, Inc. (1993), 90 Ohio App.3d 546, 552.
 {¶ 9} In Hildreth, the Defendant asserted that the Foster decision should not apply to his case because to do so would be a retroactive application of that decision, which would violate the ex post facto clause of the United States Constitution and the Ohio Constitution, as well as the right to due process under both constitutions. InHildreth, as in the instant matter, we find Defendant's contention to be without merit. "[T]he application of Foster in this context is not a violation of the prohibition against ex post facto laws, nor does it violate Defendant's due process rights." Hildreth at ¶ 6.
 {¶ 10} The general rule is that a "decision of [the] court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former was bad law but that it was never the law." Peerless *Page 5 Electric Co. v. Bowers (1955), 164 Ohio St. 209. In Foster, the Supreme Court" excised the provisions it found to offend the Constitution, granting trial court judges full discretion to impose sentences within the ranges prescribed by statute."State v. Newman, 9th Dist. No. 23038,2006-Ohio-4082, citing Foster. "The Supreme Court later extended that holding to include cases in which they overturned statutes that were unconstitutional, and clearly stated that such decisions should be applied retroactively." Hildreth at ¶ 9, citing Wendell v. AmeritrustCorp. N.A. (1985), 69 Ohio St.3d 74, 77. In this case, whenFoster is applied retroactively, it serves to nullify the applicable portions of the statute that off ended the Constitution.
 {¶ 11} This exact question was decided by this Court in State v. Newman, 9th Dist. No. 23038, 2006-Ohio-4082, "in which the defendant argued that retroactive application of Foster exposed defendants to the maximum sentence when, at the time of sentencing, there was a presumption in their favor that they would receive a minimum or lesser sentence." Hildreth at ¶ 10, citing Newman.
In Newman, this Court held:
 "We are obligated to follow the Ohio Supreme Court's directive and we are, therefore, bound by Foster. Furthermore, we are confident that the Supreme Court would not direct us to violate the Constitution." Newman at ¶ 11, citing U.S. v. Wade (C.A.8, 2006), 435 F.3d 829, 832 (holding that the Eighth Circuit is required to follow the directive of the U.S. Supreme Court and presuming that the U.S. Supreme Court would not order a court to violate the Constitution). We therefore find that Defendant's contentions regarding ex post facto and due process claims are without merit. *Page 6 
 {¶ 12} When Foster is applied here, as it must be, Defendant's sentence, imposed pursuant to any fact-finding requirements of RC2929.14, "must be treated as if it never existed." Hildreth at ¶ 11. It must be treated as if there were no presumption that Defendant would be sentenced to a minimum sentence.
 {¶ 13} As noted above, the sentence imposed by the trial court shall be reviewed for abuse of discretion. The purpose of the Ohio sentencing guidelines is to protect the public and punish the offender. R.C.2929.11. When we consider Defendant's sentence in light of that purpose, we find that the trial court did not abuse its discretion. Defendant was convicted of a second and third degree felony and was subject to a statutory range of imprisonment of two to eight years on the second degree felony and one to five years on the third degree felony. Given the Foster court's decision granting trial courts full discretion to impose a prison sentence within the statutory range, we find that Defendant's sentence of five years, in the middle of the statutory range, is not an abuse of discretion. See, Foster at ¶ 100.
 {¶ 14} We therefore overrule Defendant's first assignment of error.
 Second Assignment of Error "The trial court erred when it added punishment to [Defendant's] sentence in the journal entry of conviction. This error deprived [Defendant] of his right to fundamental fairness and due process of law. Fifth, Sixth, and Fourteenth Amendments, United States Constitutions; sections 10 and 16, Article I, Ohio Constitution. (Sentencing Tr. P. pp. 12-16; Tr. D June 28, 2004, 32; Tr. P. July 17, 2006, pp. 7-8; Tr. D. Sept. 6, 2006, 17). (Apx. A, B, D, E, F, H, I)." *Page 7 
 {¶ 15} Defendant asserts three errors related to the imposition of post-release control upon resentencing: (1) the trial court improperly "added" a term of post-release control to the Judgment Entry without notifying Defendant of such requirement at the sentencing hearing; (2) to the extent this Court finds Defendant properly resentenced to a term of post-release control pursuant to R.C. 2929.191, such statute is unconstitutional to the extent it authorizes the Adult Parole Authority to impose a post-release control sanction on Defendant; and (3) the five year term imposed is two years in excess of the term set forth in R.C.2967.28(B)(2) for second degree felonies.
 {¶ 16} The State asserts that Defendant has waived his right to appeal this issue because he did not object to the imposition of post-release control at the sentencing hearing. We find this argument to be without merit because the very issue Defendant is appealing is that the term of post-release control was not discussed from the bench at the resentencing hearing. Defendant could not have objected to something that was never imposed.
 {¶ 17} In support of his assertion that the trial court cannot impose post-release control in a judgment entry if not imposed from the bench, Defendant cites State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085 andState v. Newman, 9th Dist. No. 21970, 2004-Ohio-5180, at ¶¶ 15-17. The State asserts that R.C. 2929.191 supersedes the case law on this issue and allows the trial court to simply *Page 8 
issue a judgment entry noting the term of post-release control. We find R.C. 2929.191 inapplicable here.
 {¶ 18} R.C. 2929.191 states, in relevant part:
 "If, prior to the effective date of this section, a court imposed a sentence * * * and failed to notify the offender * * * that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include a statement to that effect in the judgment of conviction entered on the journal or in the sentence * * * at any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison." R.C. 2929.191(A)(1) (Emphasis added).
 {¶ 19} As noted above, when applying Foster, Defendant's previous sentence "must be treated as if it never existed." Hildreth at ¶ 11. Accordingly, the sentencing entry of July 24, 2006, entered after the July 17, 2006 sentencing hearing, was the only viable sentence imposed upon this Defendant and it was imposed after the effective date of R.C.2929.191 (July 11, 2006), making the statute inapplicable to the issues presented in this appeal. Instead, the trial court was required to comply with R.C. 2929.19. See R.C. 2967.28(B).
 {¶ 20} In State v. Jordan, 104 Ohio St.3d 21, the Ohio Supreme Court discussed the requirements of R.C. 2929.19 and held that a trial court must give certain statutorily required notifications regarding post-release control to a defendant at the sentencing hearing, saying: *Page 9 
 "The reasoning in Comer and Brooks equally applies to R.C. 2929.19(B)(3)-a subdivision that expressly prescribes what a trial court must do `at the sentencing hearing' after it has decided to impose a prison term. Therefore, when sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about postrelease control * * * and is further required to incorporate that notice into its journal entry imposing sentence. Here, the trial courts erred by failing to notify Finger and Jordan about postrelease control at the sentencing hearings, despite incorporating that notice into their respective sentencing entries." Jordan at ¶ 17.
 {¶ 21} The Jordan court went on to say:
 "The court's duty to include a notice to the offender about postrelease control at the sentencing hearing is the same as any other statutorily mandated term of a sentence. And based on the reasoning in Beasley, a trial court's failure to notify an offender at the sentencing hearing about postrelease control is error." Id. at ¶ 26.
 {¶ 22} This Court has held that "`when a trial court fails to notify an offender about postrelease control at the sentencing hearing but incorporates that notice into its journal entry imposing sentence, it fails to comply with the mandatory provisions of R.C. 2929.19(B)(3)(c) and (d), and, therefore, the sentence must be vacated and the matter remanded to the trial court for resentencing.'" State v. Weems, 9th Dist. No. 22192, 2005-Ohio-1000, at ¶ 7, quoting Jordan at ¶¶ 26-27.
 {¶ 23} Here, the trial court failed to notify Defendant about post-release control at the sentencing hearing. Accordingly, this Court must vacate Defendant's sentence and remand for re-sentencing due to the trial court's failure to give the requisite post-release control notification under Jordan. *Page 10 
 {¶ 24} As to the proper post-release control term, Defendant asserts that the greatest term allowed is three years pursuant to R.C.2967.28(B)(2). R.C. 2967.28(B)(2) states that:
 "(B) Each sentence to a prison term for a felony of the first degree, for a felony of the second degree, for a felony sex offense, or for a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened to cause physical harm to a person shall include a requirement that the offender be subject to a period of post-release control[.] * * * [A] period of post-release control required by this division for an offender shall be of one of the following periods:
 "(2) For a felony of the second degree that is not a felony sex offense, three years;
 "(3) For a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened physical harm to a person, three years."
ORC 2967.28(F)(4)(c) states:
 "If an offender is subject to more than one period of post-release control, the period of post-release control for all of the sentences shall be the period of post-release control that expires last, as determined by the parole board. Periods of post-release control shall be served concurrently and shall not be imposed consecutively to each other."
 {¶ 25} Based on the above, Defendant could only be subject to a three year period of post-release control. Thus the trial court's imposition of a five year term is error.
 {¶ 26} Defendant's second assignment of error is sustained. *Page 11 
 Third Assignment of Error "The trial court erred when it denied [Defendant's] motion for new trial, which was based on the trial court's refusal to grant a mistrial after the State's chief investigating officer testified to inadmissible matters during [Defendant's] jury trial. Crim.R. 33(A)(1). (Tr. P. July 17, 2006, at pp. 3-4; Tr. D. June 28, 2004, 29). The trial court's error deprived [Defendant] of his right to a fair trial, fundamental fairness, and due process of law. Fifth and Fourteenth Amendments, United States Constitution; Sections 10 and 16, Article I, Ohio Constitution. (Apx. C, D, F, H, I, O)."
 {¶ 27} In his third assignment of error, Defendant asserts that the trial court erred in denying his motion for new trial based on a police officer's testimony as to matters previously deemed inadmissible by the trial court. The state asserts that this error is barred by the doctrine of res judicata. We agree.
 {¶ 28} The doctrine of res judicata precludes "any defense or any claimed lack of due process that was raised or could have been raisedby the defendant at trial, * * * or on an appeal from that judgment." (Emphasis added.) State v. Clemens (May 31, 2000), 9th Dist. No. 19770, at *1, citing State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. That Defendant only appealed this issue vis-à-vis a claim for ineffective assistance of counsel does not prevent the application of the doctrine. See Clemens, supra at *2, citingState v. Quiles (Jan. 2, 1997), 9th Dist. No. 96CA006312.
 {¶ 29} Defendant could have raised the trial court's denial of his motion for new trial on direct appeal. The motion for new trial was filed and denied on April 1, 2004. Defendant filed his first appeal to this court on May 28, 2004. *Page 12 
 {¶ 30} Defendant's third assignment of error is overruled.
 {¶ 31} Defendant's first and third assignments of error are overruled. Defendant's sentence is vacated, and the matter is remanded to the trial court for re-sentencing so that the court may properly notify appellant about his post-release control on the record at the sentencing hearing and impose the correct term of post-release control.
Judgment Reversed and cause Remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 13 
Costs taxed to Appellee.
LYNN C. SLABY FOR THE COURT
MOORE, J. CONCURS