DECISION AND JUDGMENT ENTRY
{¶ 1} Ronald E. Evans, Jr., pleaded guilty to one count of Rape involving a child under 13 years of age, two counts of Sexual Battery, and one count of Gross Sexual Imposition, all relating to the sexual abuse of his daughters and stepdaughter. The trial court sentenced Evans to a total of 25 years in prison, representing maximum and consecutive sentences for his crimes. On appeal, Evans argues that the trial court committed plain error and violated the Ex Post Facto and Due Process clauses of the Constitution of the United States in retroactively applying the remedial holding of State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470, to crimes predating that decision. However, we have consistently held that the trial court does not violate ex *Page 2 
post facto or due process principles by following the remedy mandated by the Supreme Court of Ohio in Foster. We adhere to these holdings and affirm the judgment below.
 I. Facts {¶ 2} Evans pleaded guilty to one count of Rape, a violation of R.C.2907.02(A)(1)(b) and a first-degree felony, two counts of Sexual Battery, violations of R.C. 2907.03(A)(5) and third-degree felonies, and one count of Gross Sexual Imposition, a violation of R.C. 2907.05(A)(4) and a third-degree felony. These charges arose from Evans's sexual acts with his three daughters and his stepdaughter. The trial court imposed ten, five, five, and five year sentences, respectively, which represent maximum sentences for each of these violations. The trial court also ordered Evans to serve each term of imprisonment consecutively for a total of 25 years in prison. The trial court found several factors that made this crime more serious than the norm, including the fact that the injury was made worse by the age of the victims, that Evans caused serious psychological harm to the victims, that Evans's relationship with the victims facilitated the offenses, and that there were multiple victims within the family. The trial court did not find any factors that made the crime less serious than the norm, and it found facts suggesting that Evans was more likely to recidivate, including the fact that Evans had shown no remorse for his crimes. Considering the seriousness and recidivism factors and the purposes of felony sentencing, the trial court imposed maximum and consecutive sentences. Evans raised no objection to his sentences. He now brings this appeal. *Page 3 
 II. Assignment of Error {¶ 3} Evans presents one assignment of error: "The imposition of maximum and consecutive terms of imprisonment violated Evans'[s] Due Process Rights. (Judgment Entry, Aug. 8, 2007.)" This assignment presents a question of law, which is subject to plenary review.
 III. Ex Post Facto and Due Process Clauses {¶ 4} Evans argues that the trial court violated his rights in applying the remedial holding of State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470, to crimes predating that decision. InFoster the Supreme Court of Ohio found that several of Ohio's sentencing statutes, including R.C. 2929.14(B), were unconstitutional to the extent that they required judicial fact-finding before imposition of maximum, consecutive, or greater-than-minimum sentences. Id. at paragraphs one, three, and five of the syllabus. Applying the remedy used by the Supreme Court of the United States in United States v. Booker (2005),543 U.S. 220, the Court severed the offending unconstitutional provisions in their entirety from the statutes. Foster at paragraphs two, four, and six of the syllabus, and ¶ 99. The Court stated that trial courts now "have full discretion to impose a prison sentence within the statutory range [of R.C. 2929.14(A)] and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id., at paragraph seven of the syllabus.
 {¶ 5} The Supreme Court released its decision in Foster on February 27, 2006, and that the trial court entered Evans's sentences on August 8, 2007. Although he could have raised his argument that his sentences violated ex post facto and due *Page 4 
process principles with the trial court so that it could address the issues, he failed to do so. By not raising these arguments in the trial court, Evans has forfeited any alleged error regarding his sentence.State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, at ¶¶ 21-23.
 {¶ 6} Nonetheless, Evans argues that at the time he committed his crimes, he enjoyed a statutory presumption that the sentence imposed would consist of a minimum term of imprisonment to be served concurrently with his other sentences. He claims the Supreme Court inFoster retroactively removed that presumption. We have consistently rejected this argument on the merits and have held that a trial court does not violate due process principles or commit plain error by applying Foster to defendants who committed their offenses before that decision was released. State v. Miller, Washington App. No. 06CA57,2007-Ohio-6909, at ¶¶ 35-36; State v. Henthorn, Washington App. No. 06CA62, 2007-Ohio-2960, at ¶ 13-14; State v. Henry, Pickaway App. No. 06CA8, 2006-Ohio-6942, at ¶¶ 8-11; State v. Grimes, Washington App. No. 06CA17, 2006-Ohio-6360, at ¶¶ 9-10. Other intermediate courts in Ohio have reached the same conclusion. State v. Cain, Franklin App. No. 06AP-682, 2007-Ohio-945, at ¶ 6; State v. McGhee, Shelby App. No. 17-06-05, 2006-Ohio-5162, at ¶ 16; State v. Hildreth, Lorain App. No. 06CA008879, 2006-Ohio-5058, at ¶ 10; State v. Durbin, Greene App. No. 2005-CA-134, 2006-Ohio-5125, at ¶¶ 41-42.
 {¶ 7} Moreover, Miller v. Florida, (1987), 482 U.S. 423, upon which Evans relies, is distinguishable. In that case, Florida's sentencing guidelines in force at the time Miller committed his crime provided a presumptive sentencing range of 3 1/2 to 4 1/2 years in prison, which a trial court could impose without explanation and which, if *Page 5 
imposed, was not subject to appellate review. A legislative change occurring between the commission of the crime and Miller's sentencing increased the range of Miller's presumptive sentence to 5 1/2 to seven years, and the trial court imposed a seven year sentence. Under the prior law, Miller could have sought appellate review of a seven-year sentence; under the retroactively applied new law, he could no longer seek appellate review of the sentence because it fit within the new presumptive range. The Supreme Court of the United States held that this sentence violated ex post facto principles because the sentence under the later guidelines "foreclosed his ability to challenge the imposition of a sentence longer than his presumptive sentence under the old law." Id. at 433. The court also noted that the Florida legislature increased the presumptive minimum sentence and denied review of that sentence with the intention to inflict a greater punishment on those who fell within its ambit. Evans overlooks the fact the Supreme Court of Ohio did not increase the presumptive maximum sentence when it served R.C. 2929.14(B) in its entirety. Rather, the theoretical maximum term of imprisonment before and after Foster remained the same.
 {¶ 8} Furthermore, although Evans claims entitlement to the imposition of minimum sentences,
 "[t]he law before Foster never mandated imposition of minimum sentences on offenders who had not previously served a prison term, as appellant asks us to do here. By demanding application of a presumption in favor of a minimum sentence, but not allowing any means by which the presumption can be overcome, `appellant essentially seeks the benefit of a state of law that never existed.'"
State v. Hardesty, Pickaway App. No. 07CA2, 2007-Ohio-3889, at ¶ 12, quoting State v. Rosado, Cuyahoga App. No. 88504, 2007-Ohio-2782, at ¶ 7, quoting in turn State v. Paynter, 5th Dist. No. CT2006-0034,2006-Ohio-5542, at ¶ 39. *Page 6 
 {¶ 9} While we recognize Evans's need to preserve this issue for appeal, we reject his argument that the trial court violated his due process rights when it sentenced him to maximum and concurrent sentences. Therefore, we affirm the judgment of the court below.
 JUDGMENT AFFIRMED. *Page 7 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Abele, P.J. Kline, J.: Concur in Judgment and Opinion.
 *Page 1