DECISION AND JUDGMENT ENTRY
{¶ 1} Eugene Robert Anderson appeals the Washington County Common Pleas Court's dismissal of his petition for post-conviction relief for lack of jurisdiction. The crux of Anderson's argument is that the trial court erred when it dismissed his petition as untimely filed, because the United States Supreme Court recently created a new federal right exempting him from the 180-day-filing requirement contained in R.C.2953.21. Namely, Anderson contends that the United States Supreme Court's decision in Blakely v. Washington (2004), 542 U.S. 296 created a new federal right entitling him to relief. Because we have already addressed this issue in State v. Wilson, Lawrence App. No. 05CA22, at ¶ 14, 2006-Ohio-2049, and found that Blakely did not create a new federal right, Anderson does not satisfy the first prong of the two-pronged test in R.C. *Page 2 2953.23(A)(1), which creates an exception to the 180-day-time requirement for filing a post-conviction petition. Therefore, we find that the trial court did not err in finding that Anderson did not timely file his petition or demonstrate an exemption from the time requirement. Consequently, the trial court correctly determined that it lacked jurisdiction to consider the merits of Anderson's petition and dismissed it. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} The trial court convicted Anderson in 2002, and sentenced him in early 2003. Anderson appealed. The transcript for an appeal to this court was filed on March 7, 2003. We affirmed the trial court's judgment in State v. Anderson, Washington App. No. 03CA3, 2004-Ohio-1033, appeal not allowed by State v. Anderson, 102 Ohio St.3d 1533, 2004-Ohio-3580, and certiorari denied on December 6, 2004, by Anderson v. Ohio,543 U.S. 1027.
 {¶ 3} On September 3, 2004, Anderson filed his petition for post-conviction relief, alleging that the Blakely decision required the court to revisit its sentencing decision. On July 17, 2006, the court dismissed Anderson's petition because it lacked jurisdiction. The court found that he did not file the petition within the 180-day-time period as required by R.C. 2953.21(A)(2), and that he failed to show that any of the exceptions to the filing deadline set forth in R.C. 2953.23
applied. Specifically, the court found that "Blakely did not create a new right [when it was decided in 2004] because the Constitutional principal announced in Blakely was recognized and articulated in 2000 inApprendi v. New Jersey (2000), 530 U.S. 466." *Page 3 {¶ 4} Anderson timely appeals, asserting that the trial court erred when it found that Blakely did not create a new federal right.
 II. {¶ 5} The crux of Anderson's contention is that the trial court erred when it dismissed his petition for post-conviction relief, because he failed to timely file it. He does not dispute that he failed to file his petition within the 180-day-time period prescribed by R.C. 2953.21(A). Instead, he argues that an exception contained in R.C. 2953.23(A)(1) excuses his late filing.
 {¶ 6} Pursuant to R.C. 2953.23(A) (1 ), a court may not entertain a delayed petition for post-conviction relief unless the petitioner satisfies a two-pronged test. First, the petitioner must show either: "that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in [R.C. 2953.21 (A)(2)] or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right." R.C. 2953.23(A)(1)(a). Second, the petitioner must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *." R.C. 2953.23(A) (1 )(b).
 {¶ 7} Thus, before a trial court may consider an untimely petition for post-conviction relief, the petitioner must prove: (1) that he was unavoidably prevented from discovering the facts upon which he bases his petition, or that the *Page 4 
petitioner's claim is based upon a newly-created federal or state right, which is retroactive to his situation; and (2) that clear and convincing evidence demonstrates that no reasonable factfinder would have found him guilty in the absence of the alleged constitutional error. State v.Howell (June 26, 2000), Meigs App. No. 99CA677.
 {¶ 8} This Court's standard of review is de novo when reviewing a trial court's dismissal or denial of a petition for post-conviction relief without a hearing. See, e.g., State v. Barney, Meigs App. No. 05CA11, 2006-Ohio-4676; State v. Gibson, Washington App. No. 05CA20,2005-Ohio-5353. Thus, we will independently review the record, without deference to the trial court's decision, to determine if Anderson's petition satisfies the two-pronged test in R.C. 2953.23(A)(1).
 {¶ 9} Anderson contends that, under the grounds enunciated inBlakely, his sentence is contrary to law. He maintains that this case creates a new right that now applies retroactively to individuals in his situation. In Blakely, the Court held that the Sixth Amendment right to a jury trial prohibits the enhancement of a sentence based on factual findings made by the judge. Blakely at 301. However, we have already addressed this issue and found that Blakely did not create a new right, because it only applied the principles that were already established inApprendi, supra Wilson, supra.
 {¶ 10} Here, the trial court sentenced Anderson in 2003; after which he should have appealed any new right created by Apprendi. The new rights created by Apprendi were created prior to — not subsequent to — Anderson's *Page 5 
sentencing. As such, Anderson's situation does not comport with the first prong of the two-pronged test set forth in R.C. 2953.23(A) (1 ) to except him from the requirement to timely file his petition for post-conviction relief. Specifically, Anderson did not show that the United States Supreme Court recognized a new federal right subsequent to the period of time prescribed in R.C. 2953.21(A)(2). Because Anderson must satisfy both prongs of R.C. 2953.23(A)(1) and he failed to satisfy the first prong, i.e. R.C. 2953.23(A)(1)(a), we do not need to address the second prong, i.e. R.C. 2953.23(A)(1)(b).
 {¶ 11} Therefore, for the above stated reasons, we find that the trial court lacked jurisdiction to entertain the petition and properly dismissed it. See Wilson, supra; State v. Rawlins, Scioto App. No. 05CA3021, 2006-Ohio-1901; State v. Kelly, Lucas App. No. L-05-1237,2006-Ohio-1399, at ¶ 12.
 {¶ 12} Accordingly, we overrule Anderson's argument that he satisfied the two-pronged test in R.C. 2953.23(A)(1) and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 6 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the costs herein be taxed to the Appellant.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment Only. Abele
J.: Concurs in Judgment and Opinion.
For the Court
BY:
 Roger L. Kline, Judge *Page 1