[Cite as *State v. Anderson*, 2012-Ohio-3245.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | Case No. 10CA44 |
| v. | : | |
| | : | DECISION AND |
| Eugene Robert Anderson, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellant. | : | Filed: July 17, 2012 |

_____

APPEARANCES:

Bryan M. Griffith, Sanborn, Brandon, Duvall & Bobbitt Co., L.P.A., Columbus, Ohio, for Appellant.

James Schneider, Washington County Prosecuting Attorney, and Alison L. Cauthorn, Washington County Assistant Prosecuting Attorney, Marietta, Ohio, for Appellee.

_____

Kline, J.:

**{¶1}** Eugene Anderson appeals the judgment of the Washington County Court of Common Pleas, which convicted him of 108 felony offenses. Anderson contends that the trial court erred when it imposed a two-to-ten year sentence for Anderson's corruption -of-a-minor conviction. Because the record does not support a two-to-ten year sentence for Anderson's corruption of a minor conviction, we agree. Next, Anderson contends that one of his convictions for promoting prostitution was barred by the statute of limitations. Because Anderson waived this defense, we disagree. Next, Anderson contends that the trial court erred when it imposed non-minimum and maximum sentences upon him. Because the trial court had discretion to impose non-minimum and maximum sentences, we disagree. Next, Anderson argues that the trial

court erred by imposing consecutive sentences upon him without making findings required by R.C. 2929.14.  Because the trial court was not required to make findings before imposing consecutive sentences upon Anderson, we disagree.  Finally, Anderson argues that his sentence constitutes cruel and unusual punishment in violation of the Ohio Constitution and the Eighth Amendment to the United States Constitution.  Because Anderson has not shown that any of his sentences were disproportionate to the applicable offenses, we disagree.

{¶2} Accordingly, we reverse, in part, and affirm, in part, the judgment of the trial court.

I.

{¶3} We detailed the facts supporting Anderson's 108 felony convictions in Anderson's direct appeal.  *See State v. Anderson*, 4th Dist. No. 03CA3, 2004-Ohio-1033, ¶ 3-12 (hereinafter "*Anderson I*").  We need not recount the facts pertaining to Anderson's crimes here.  Instead, we will detail the facts relevant to Anderson's current appeal.

{¶4} Following a jury trial, Anderson was convicted of the following crimes: 1 count of second-degree-felony pandering obscenity involving a minor in violation of R.C. 2907.321(A)(1)(3); 2 counts of fourth-degree-felony pandering obscenity involving a minor in violation of R.C. 2907.321(A)(5); 9 counts of second-degree-felony pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A); 27 counts of fifth-degree-felony pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(5); 10 counts of second-degree-felony complicity to pandering sexually oriented matter involving a minor in violation of R.C. 2923.03(A)(2) and

2907.322(A); 10 counts of fifth-degree-felony complicity to pandering sexually oriented matter involving a minor in violation of R.C. 2923.03(A)(2) and R.C. 2907.322(A)(5); 7 counts of second-degree-felony illegal use of a minor in nudity-oriented material in violation of R.C. 2907.323(A)(1); 7 counts of fifth-degree felony illegal use of a minor in nudity-oriented material in violation of R.C. 2907.323(A)(3); 14 counts of second-degree-felony complicity in illegal use of a minor in nudity-oriented material in violation of R.C. 2923.03(A)(2) and 2907.323(A)(1); 14 counts of fifth-degree-felony complicity in illegal use of a minor in nudity-oriented material in violation of R.C. 2923.03(A)(2) and R.C. 2907.323(A)(3); 1 count of fifth-degree felony unauthorized use of computer or telecommunications property in violation of R.C. 2913.04(B); 1 count of third-degree-felony corruption of a minor in violation of the former R.C. 2907.04(A); 1 count of second-degree-felony promoting prostitution in violation of R.C. 2907.22(A)(3); and 4 counts of third-degree-felony promoting prostitution in violation of R.C. 2907.22(A)(3).

{¶5} In *Anderson I*, we affirmed the judgment of the trial court. *See Anderson I* at ¶ 112. Anderson appealed our decision to the Supreme Court of Ohio. And while that appeal was pending, the United States Supreme Court decided *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). The Supreme Court of Ohio denied Anderson leave to appeal our decision in *Anderson I*. *See State v. Anderson*, 102 Ohio St.3d 1533, 811 N.E.2d 1151, 2004-Ohio-3580.

{¶6} On September 3, 2004, Anderson filed a petition for postconviction relief in the trial court. *See State v. Anderson*, 4th Dist. No. 06CA32, 2007-Ohio-1517, ¶ 3 (hereinafter "*Anderson II*"). The trial court dismissed Anderson's petition for lack of jurisdiction. *Id.* Anderson argued that *Blakely* required the trial court to reconsider

Anderson's sentence. *Id.* We concluded that the trial court properly dismissed Anderson's petition because *Blakely* did not create a new federal right. *Id.* at ¶ 9-10. Specifically, we determined that "*Blakely* did not create a new right, because it only applied the principles that were already established in *Apprendi [v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).]" *Id.* at ¶ 9.

{¶7} While *Anderson II* was pending, Anderson filed a petition for a writ of habeas corpus in the United States District Court. *See Anderson v. McBride*, 602 F.Supp.2d 911 (S.D.Ohio 2009) (hereinafter "*Anderson III*"). In *Anderson III*, the district court (1) disagreed with our conclusion in *Anderson II* and (2) held that "*Blakely* could not have been anticipated from *Apprendi*[.]" *Anderson III* at 915. Therefore, the district court addressed the merits of Anderson's petition. *Id.* at 916.

{¶8} The district court noted that the Supreme Court of Ohio excised portions of Ohio's sentencing statutes because the statutes were unconstitutional under *Blakely*. *Anderson III* at 920, citing *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. As a result, the district court conditionally granted Anderson's petition for habeas corpus based on Anderson's claim that his sentence violated *Blakely*. *Id.* Additionally, the district court vacated Anderson's sentence. *Id.*

{¶9} The state appealed *Anderson III* to the Sixth Circuit Court of Appeals. *See Anderson v. Wilkinson*, 396 Fed.Appx. 262 (6th Cir. 2010) (hereinafter "*Anderson IV*"). The Sixth Circuit affirmed the district court's decision. *Id.* at 271.

{¶10} Following *Anderson IV*, the trial court held a resentencing hearing on December 8, 2010. In its December 8, 2010 judgment entry, the trial court imposed the same sentence as Anderson's original sentence. Anderson's aggregate prison

sentence is 75 years of definite prison time plus indefinite sentences of 4 to 25 years. Anderson's indefinite sentences were for offenses committed before the 1996 amendments to Ohio's sentencing statutes. The trial court ordered the definite and indefinite sentences to be served consecutively to each other. Thus, Anderson's prison sentence is for 79 to 100 years.

{¶11} Anderson appeals and asserts the following assignments of error: I. "THE TRIAL COURT ERRED CONTRARY TO LAW BY SENTENCING DR. ANDERSON TO AN INDEFINITE TERM OF INCARCERATION ABSENT THE STATUTORY FINDINGS REQUIRED BY R.C. § 2929.11(B), FOR A CRIME COMMITTED PRIOR TO JULY 1, 1996." II. "THE TRIAL COURT LACKED JURISDICTION TO SENTENCE DR. ANDERSON FOR A VIOLATION OF R.C. § 2907.22 MORE THAN SIX YEARS AFTER THE LAST DATE OF THE CONTINUING OFFENSE." III. "THE TRIAL COURT ERRED BY IMPOSING NON-MINIMUM SENTENCES IN VIOLATION OF THE UNITED STATES SUPREME COURT HOLDING IN *U.S. V. BLAKELY*." IV. "THE TRIAL COURT ERRED CONTRARY TO LAW BY IMPOSING CONSECUTIVE SENTENCES ABSENT THE FACT FINDING REQUIRED BY R.C. § 2929.14 IN VIOLATION OF THE UNITED STATES SUPREME COURT HOLDING IN *U.S. V. BLAKELY*." And, V. "THE TRIAL COURT ABUSED ITS DISCRETION BY SENTENCING THE DEFENDANT TO THE MAXIMUM SENTENCE CONTRARY TO LAW AND IN VIOLATION OF THE OHIO CONSTITUTION AND THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION."

II.

**{¶12}** In his first, third, fourth, and fifth assignments of error, Anderson advances several arguments regarding his sentence. Because we use the same standard of review for each of these assignments of error, we will consider them together.

**{¶13}** We use a two-step approach to review a felony sentence. "First, [we] must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 4.

**{¶14}** In analyzing whether a sentence is contrary to law, "'[t]he only specific guideline is that the sentence must be within the statutory range[.]'" *State v. Hines*, 4th Dist. No. 09CA36, 2010-Ohio-2749, ¶ 7, quoting *State v. Ross*, 4th Dist. No. 08CA872, 2009-Ohio-877, ¶ 10. *Accord State v. Slagle*, 4th Dist. Nos. 10CA4 & 10CA5, 2011-Ohio-1463, ¶ 9, *overruled in part on other grounds*, *State v. Pierce*, 4th Dist. No. 10CA10, 2011-Ohio-5353, ¶ 10, fn. 2. Additionally, courts must consider the general guidance factors set forth in R.C. 2929.11 and 2929.12. *Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at ¶ 42; *Kalish* at ¶ 13.

A.

**{¶15}** In his first assignment of error, Anderson argues that the trial court erred when it resentenced him to an indefinite prison term of two (2) to ten (10) years for corruption of a minor in violation of the former R.C. 2907.04(A) (i.e., Count 122 from Case No. 01 CR 218).

{¶16} Anderson's corruption-of-a-minor conviction is a third-degree felony. Anderson committed this offense prior to the July 1, 1996. Therefore, a previous version of R.C. 2929.11 applies to Anderson's corruption-of-a-minor sentence.

{¶17} The applicable version of R.C. 2929.11 provides as follows:

(B) Except as provided in division (D) of this section, * * * terms of imprisonment for felony shall be imposed as follows: * * * (6) For a felony of the third degree, the minimum term shall be two years, thirty months, three years, or four years and the maximum term shall be ten years[.] * * * (D) *Whoever is convicted of or pleads guilty to a felony of the third or fourth degree and did not, during the commission of that offense, cause physical harm to any person or make an actual threat of physical harm to any person with a deadly weapon, as defined in [R.C. 2923.11], and who has not previously been convicted of an offense of violence shall be imprisoned for a definite term*, and, in addition, may be fined or required to make restitution. The terms of imprisonment shall be imposed as follows: (1) *For a felony of the third degree, the term shall be one, one and one-half, or two years*[.] (Emphasis added.) R.C. 2929.11 (effective prior to July 1, 1996).

{¶18} Based on the former R.C. 2929.11, we find that Anderson's sentence for his corruption-of-a-minor conviction is contrary to law. Here, the trial court sentenced

Anderson to an indefinite prison term of two (2) to ten (10) years for the corruption-of-a-minor offense. But in its judgment entry, the trial court noted that Anderson "did not cause or expect to cause physical harm to persons or property." Dec. 8, 2010 Judgment Entry at 5. Furthermore, there is no evidence in the record that Anderson either (1) made a threat of physical harm with a deadly weapon during the commission of any of his offenses or (2) had previously been convicted of an offense of violence. As a result, Anderson should have been sentenced to a definite term of one, one and one-half, or two years for his corruption-of-a-minor offense. Consequently, Anderson's indefinite sentence of two (2) to ten (10) years for that offense is contrary to law.

{¶19} The state concedes that, as to Anderson's corruption-of-a-minor conviction, Anderson "should have been sentenced to no more than 2 years, based on the absence of a specification or finding as to physical harm in accordance with ORC 2929.11 (prior to July 1, 1996)." Appellee's Merit Brief at 5. The state, however, argues that the doctrine of res judicata bars Anderson from raising the issue because he could have raised it in his direct appeal in *Anderson I*, but he chose not to do so.

{¶20} The state's res judicata argument lacks merit because the federal court vacated Anderson's original sentence. As the Sixth Circuit Court of Appeals noted, "the district court * * * vacate[d] Anderson's sentence in its entirety[.]" *Anderson IV*, 396 Fed.Appx. at 270; *see also Anderson III*, 602 F.Supp.2d at 920.

{¶21} The Tenth District Court of Appeals addressed the effect of a federal court's vacation of a sentence under similar circumstances. *See State v. Mickens*, 10th Dist. Nos. 08AP-743, 08AP-744 & 08AP-745, 2009-Ohio-2554. In *Mickens*, the court stated that "the federal district court vacated appellant's sentence and remanded the

cases for resentencing pursuant to *Blakely*." *Id.* at ¶ 49.  Accordingly, the Tenth

Appellate District found "that the federal district court's act of vacating the sentence

means the original sentence must be 'treated as if it never existed.'" *Id.*, quoting *State*

*v. Smith*, 9th Dist. No.06CA0070-M, 2007-Ohio-2841, ¶ 19.

**{¶22}** Here, as in *Mickens*, we treat Anderson's original sentence "'as if it never

existed.'" *Id.*  Consequently, res judicata does not bar Anderson from arguing that the

trial court erred when it imposed an indefinite two (2) to ten (10) year sentence for

Anderson's corruption-of-a-minor conviction.

**{¶23}** (The state requests us to modify Anderson's sentence for his corruption-of-

a-minor conviction instead of remanding the case to the trial court.  We decline to do

this.  We note that the trial court has discretion to impose a sentence for Anderson's

corruption-of-a-minor conviction of one, one and one-half, or two years.  We conclude

that the trial court should exercise this discretion in the first instance.)

**{¶24}** Accordingly, Anderson's first assignment of error is sustained, and we

vacate Anderson's sentence for his corruption-of-a-minor conviction in violation of R.C.

2907.04(A) (i.e., Count 122 from Case Number 01-CR-218).

B.

**{¶25}** Next, we will consider Anderson's third, fourth, and fifth assignments of

error together.

1.

**{¶26}** Initially, we will determine whether any of Anderson's arguments

demonstrate that his sentence is contrary to law.

**{¶27}** In his third assignment of error, Anderson argues that the non-minimum terms and maximum terms for various offenses in his sentence violate *Blakely*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.E.2d 403.

**{¶28}** Anderson notes that his current sentence is identical to his original sentence, and his argument consists of a two-page block quote from the Sixth Circuit opinion from *Anderson IV*. Presumably, Anderson is arguing that, because his original non-minimum and maximum sentences violated *Blakely*, his new (and identical) sentence must also violate *Blakely*. This is not so. Anderson's argument ignores the effect of relevant decisions from the Supreme Court of Ohio.

**{¶29}** When Anderson was originally sentenced, Ohio's sentencing scheme required the trial court to impose a minimum sentence upon a defendant who was not serving and had never served a prison term. *Anderson IV*, 396 Fed.Appx. at 264. As the Sixth Circuit explained:

> [I]f the defendant was not serving and had never served a term of imprisonment, the trial judge was required to impose "the shortest prison term authorized for the offense" (a minimum sentence), [R.C.] 2929.14(B), unless it found "on the record that the shortest prison term [would] demean the seriousness of the offender's conduct or [would] not adequately protect the public from future crime by the offender or others." [R.C.] 2929.14(B)(2). *Anderson IV*, at 264, quoting the prior version of R.C. 2929.14(B).

Additionally, a trial court could only impose a maximum sentence if the trial court found "that the defendant 'committed the worst form[ ] of the offense,' or 'pose[d] the greatest likelihood of committing future crimes.'" (Alterations sic.) *Anderson IV* at 264, quoting the prior version of R.C. 2929.14(C).

**{¶30}** The Sixth Circuit determined that the jury did not make a finding regarding whether a minimum sentence (1) would demean the seriousness of Anderson's conduct or (2) would not adequately protect the public from future crime by Anderson or others. *See id.* at 267-268. As a result, the Sixth Circuit held that the trial court's findings justifying non-minimum sentences constituted a *Blakely* violation. *Id.* Similarly, the jury did not make a finding regarding whether Anderson (1) committed the worst form of the offense or (2) posed a likelihood of committing future crime. *See id.* at 268. Thus, the trial court's findings supporting Anderson's maximum sentences also constituted a *Blakely* violation. *Id.* at 268-270. (The Sixth Circuit also held that Anderson's 1971 conviction for contributing to the delinquency of a minor was insufficient to demonstrate a likelihood of recidivism to justify a maximum sentence. *Id.*)

**{¶31}** The trial court resentenced Anderson on December 8, 2010, following the Supreme Court of Ohio's decision in *Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. In *Foster*, the court held that the requirement under R.C. 2929.14(B) that a trial court impose a minimum sentence unless the court, not the jury, made certain findings was unconstitutional. *Id.*, at ¶ 61. Similarly, the *Foster* court also held that the requirement under R.C. 2929.14(C) that the trial court, not the jury, make certain findings to justify imposition of a maximum sentence was unconstitutional. *Id.* at ¶ 64. As a result, the court severed the unconstitutional statutes from the Revised Code. *Id.*

at ¶ 97.  The court also held that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."  *Id.* at ¶ 100.

{¶32} Furthermore, the Supreme Court of Ohio has held that a trial court has discretion to resentence within the statutory range of sentences even though the defendant was originally sentenced under a pre-*Foster* sentencing regime.  *See State v. Elmore*, 122 Ohio St.3d 472, 2009-Ohio-3478, 912 N.E.2d 582.  Specifically, the court held that "[r]esentencing pursuant to [*Foster*], for offenses that occurred prior to February 27, 2006, does not violate the Sixth Amendment right to a jury trial or the Ex Post Facto or Due Process Clauses of the United States Constitution[.]"  *Id.* at paragraph one of the syllabus.

{¶33} In resentencing Anderson, the trial court made many of the same findings that the federal court cited in support of its conclusion that Anderson's original sentence was unconstitutional under *Blakely*.  Nevertheless, we note that the findings themselves were not unconstitutional in Anderson's original sentence.  Regarding Anderson's original sentence, a *Blakely* violation occurred because Ohio's sentencing scheme required the trial court, not the jury, to make certain findings in order to justify Anderson's non-minimum and maximum sentences.  At Anderson's resentencing, the trial court had full discretion to impose a sentence that was within the statutory range. *See Foster* at paragraph seven of the syllabus.  The trial court was not required to make findings on the record in order to justify imposition of a non-minimum or maximum

sentence.  *See id.*  As a result, the trial court did not violate *Blakely* when it resentenced Anderson to non-minimum sentences and maximum sentences.

{¶34} Thus, Anderson's non-minimum and maximum sentences were not contrary to law.

{¶35} In his fourth assignment of error, Anderson argues that the trial court erred by imposing consecutive sentences absent the findings required by R.C. 2929.14.

{¶36} Anderson does not clearly articulate his argument for this assignment of error.  Presumably, Anderson is arguing that the trial court erred by imposing consecutive sentences without making the statutory findings required by R.C. 2929.14. Anderson apparently bases his argument on the decision in *Oregon v. Ice*, 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009).

{¶37} Initially, we note that, in addition to the statutes referenced above, the *Foster* court held that the requirements under R.C. 2929.14(E)(4) and R.C. 2929.41(A) that a trial court make certain findings to justify imposition of consecutive sentences were unconstitutional.  *Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at paragraphs three and four of the syllabus.  In *Ice*, however, the United States Supreme Court analyzed an Oregon statute that required a trial court to impose concurrent sentences unless the trial court, not the jury, made certain statutorily described factual findings.  *Ice* at 165.  The court held that such a sentencing scheme is *not* unconstitutional.  *See id.* at 168-169.  Thus, a state's statutory sentencing scheme may allow a trial court, not a jury, to make certain findings in order to justify the imposition of consecutive sentences.

**{¶38}** While he does not explicitly state it, we presume that Anderson argues that, even though *Foster* found R.C. 2929.14(E)(4) to be unconstitutional, the *Ice* decision revived the statute. Curiously, Anderson argues this point by relying on a page-long block quote from our decision in *State v. Frazier*, 4th Dist. No. 10CA15, 2011-Ohio-1137. Our holding in *Frazier*, however, reaches the opposite result that Anderson requests.

**{¶39}** As we noted in *Frazier*, "the Supreme Court of Ohio recognized that 'the decision in *Ice* undermines some of the reasoning in the *Foster* decision that judicial fact-finding in the imposition of consecutive sentences violates the Sixth Amendment.'" *Frazier* at ¶ 12, quoting *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, ¶ 19. However, as we also noted in *Frazier*, the *Hodge* court also held that "[t]he United States Supreme Court's decision in [*Ice*], does not revive Ohio's former consecutive-sentencing statutory provisions, R.C. 2929.14(E)(4) and 2929.41(A), which were held unconstitutional in [*Foster*]." *Hodge* at paragraph two of the syllabus; *accord Frazier* at ¶ 12 (noting that *Hodge* held that *Ice* did not revive R.C. 2929.14(E)(4) and 2929.41(A)).

**{¶40}** Furthermore, we also note that the enactment of H.B. 130, which modified R.C. 2929.14, and was effective April 7, 2009, did not revive the requirements regarding the imposition of consecutive sentences under R.C. 2929.14(E)(4). This is so because H.B. 130 did not constitute an affirmative reenactment of those provisions. *See State v. Keck*, 4th Dist. No. 09CA50, 2011-Ohio-1643, ¶ 34; *see also Hodge* at ¶ 27, fn. 7.

**{¶41}** Finally, we acknowledge that the General Assembly recently enacted H.B. 86, effective September 30, 2011, which amends R.C. 2929.14 and requires fact finding

for consecutive sentences. This amendment, however, does not apply to Anderson, who was resentenced on December 8, 2010, prior to the effective date of H.B. 86. *See State v. Du*, 2d Dist. No. 2010-CA-27, 2011-Ohio-6306, ¶ 23.

**{¶42}** Thus, Anderson's argument that the trial court erred by imposing consecutive sentences absent the findings required under R.C. 2929.14(E) lacks merit. Therefore, Anderson's consecutive sentences are not contrary to law.

**{¶43}** In his fifth assignment of error, Anderson argues that his maximum sentence was both contrary to law and an abuse of discretion in violation of the Ohio Constitution and the Eight Amendment to the United States Constitution.

**{¶44}** Anderson asserts that his sentence is "effectively a life sentence, without the possibility of early release[.]" Appellant's Merit Brief at 19. As such, Anderson argues that his sentence is cruel and unusual punishment in violation of Article I, Section 9 of the Ohio Constitution and the Eighth Amendment to the United States Constitution.

**{¶45}** Essentially, Anderson argues that his sentence is disproportionate to the crimes for which he was convicted. The United States Supreme Court has held that "a court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *Solem v. Helm*, 463 U.S. 277, 292, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). Additionally, the Supreme Court of Ohio has held as follows:

[F]or purposes of the Eighth Amendment and Section 9,

Article I of the Ohio Constitution, proportionality review

should focus on individual sentences rather than on the

cumulative impact of multiple sentences imposed

consecutively.  Where none of the individual sentences

imposed on an offender are grossly disproportionate to their

respective offenses, an aggregate prison term resulting from

consecutive imposition of those sentences does not

constitute cruel and unusual punishment.  *State v. Hairston*,

118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, ¶

20.

**{¶46}** Anderson claims that the trial court's sentence violates the first prong of

the proportionality test from *Solem*.  Specifically, Anderson argues as follows:

[H]ad Dr. Anderson raped the three victims, the maximum

sentence he could receive would be thirty years.  R.C. §

2929.14(A)(1).  If Dr. Anderson had committed murder, he

could be sentenced to life imprisonment with the possibility

of parole after twenty years of imprisonment.  R.C. §

2929.03.  In this case, Dr. Anderson had consensual sex

with the victims, and he received a sentence of seventy-nine

to one hundred years imprisonment, approximately three

times longer than the sentence for three rapes, and without

the possibility of parole that he could have had if he were

convicted of murder.  Appellant's Merit Brief at 20.

**{¶47}** Anderson's characterization of his convictions ignores the multitude of crimes for which he was convicted.  As noted above, Anderson was convicted of 108 felony counts.  The trial court ordered Anderson to serve many of his sentences consecutive to each other.  Anderson has not articulated why any individual sentence was grossly disproportionate to the offense.  Instead, Anderson argues that his aggregate sentence violates the prohibition on cruel and unusual punishment.  As *Hairston* indicates, however, this argument is insufficient to demonstrate that his sentence constitutes cruel and unusual punishment.

**{¶48}** Thus, Anderson's arguments that his sentence is contrary to law because it constitutes cruel and unusual punishment lacks merit.

**{¶49}** Finally, we note that courts must consider the general guidance factors set forth in R.C. 2929.11 and 2929.12.  *Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 42; *Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124 ¶ 13; *State v. Davis*, 189 Ohio App.3d 374, 2010-Ohio-3782, 938 N.E.2d 1043, ¶ 33.  The trial court's December 8, 2010 judgment entry states that the trial court considered the principals and purposes of sentencing under R.C. 2929.11 through 2929.19.  As a result, we find that the trial court complied with all applicable rules and statutes in sentencing Anderson.

**{¶50}** For the foregoing reasons, we conclude that Anderson cannot demonstrate that his sentence was contrary to law based on the arguments in his third, fourth, and fifth assignments of error.

2.

**{¶51}** If a defendant's sentence is not contrary to law, we then review the trial court's sentence under an abuse of discretion standard. *Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 4. "The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). Sentencing courts "have full discretion to impose a prison sentence within the statutory range and are [not] required to make findings or give their reasons for imposing maximum * * * or more than the minimum sentences." *Foster* at paragraph seven of the syllabus; *accord Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, at ¶ 11. "Nevertheless, as mentioned above, courts must still consider the general guidance factors set forth in R.C. 2929.11 and R.C. 2929.12." *State v. Voycik*, 4th Dist. Nos. 08CA33 & 08CA34, 2009-Ohio-3669, ¶ 14.

**{¶52}** At Anderson's resentencing, the trial court concluded that Anderson's crimes were more serious than the norm for several reasons. For example, the trial court determined that the injuries to the victims were made worse because of the victims' ages. *See* R.C. 2929.12(B)(1). The trial court also concluded that Anderson's actions caused serious psychological harm to the victims. *See* R.C. 2929.12(B)(2). The trial court determined Anderson's position as the head of the technology department at his place of employment facilitated the commission of one of Anderson's crimes. *See* R.C. 2929.12(B)(5). Specifically, the trial court noted that Anderson's job was "to prevent the very offense which he committed[.]" Dec. 8, 2010 Judgment Entry

at 4.  Additionally, the trial court determined that Anderson's "relationship to the victims facilitated the offenses for which he was convicted[.]"  *Id.  See* R.C. 2929.12(B)(6).

**{¶53}** Anderson argues that his sentence is inconsistent with the purposes of felony sentencing under R.C. 2929.11.  When Anderson was resentenced, R.C. 2929.11(A) provided that "[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender."  As we noted above, Anderson was convicted of 108 felony counts.  Moreover, the trial court referenced several reasons why Anderson's crimes were more serious than the norm.  Considering that one of the purposes of felony sentencing is to punish the offender, we conclude that Anderson has not demonstrated that the trial court's sentence is inconsistent with the purposes of felony sentencing.

**{¶54}** The trial court considered the relevant sentencing factors when it resentenced Anderson.  Moreover, the record demonstrates that the trial court did not abuse its discretion when it imposed its sentence on Anderson.  Accordingly, we overrule Anderson's third, fourth, and fifth assignments of error.

III.

**{¶55}** Finally, we analyze Anderson's second assignment of error.  In his second assignment of error, Anderson argues that the statute of limitations bars his conviction for promoting prostitution in violation of R.C. 2907.22(A)(3).  Anderson argues that the statute of limitations had expired before he was indicted for this offense.

**{¶56}** "[O]ur review of statute of limitations issues involves a mixed question of law and fact."  *State v. Stamper*, 4th Dist. No. 05CA21, 2006-Ohio-722, ¶ 30.  "Therefore, we accord due deference to a trial court's findings of fact if supported by

competent, credible evidence." *Id.* But, "[w]e review the legal issues de novo[.]" *State v. Smith*, 4th Dist. No. 10CA3148, 2011-Ohio-602, ¶ 18.

**{¶57}** Here, there are no factual issues to review because Anderson did not file a motion to dismiss. Crim.R. 12(C)(1) provides that "[t]he following must be raised before trial: * * * Defenses and objections based on defects in the institution of the prosecution[.]" Thus, "[i]n order to challenge a charged offense on statute of limitations grounds * * *, a defendant must file a motion to dismiss prior to trial." *State v. Grant*, 12th Dist. CA2003-05-114, 2004-Ohio-2810, ¶ 9; *accord State v. Jackson*, 2d Dist. Nos. 2008 CA 30 & 2008 CA 31, 2009-Ohio-1773, ¶ 5. The "[f]ailure by the defendant to raise defenses * * * that must be made prior to trial * * * shall constitute waiver of the defenses or objections[.]" Crim.R. 12(H); *Grant* at ¶ 9; *Jackson* at ¶ 5.

**{¶58}** Anderson failed to raise his statute of limitations defense prior to trial. Therefore, Anderson has waived his statute of limitations defense to his charge of promoting prostitution in violation of R.C. 2907.22(A)(3). *See Grant* at ¶ 9.

**{¶59}** Accordingly, Anderson's second assignment of error is overruled.

IV.

**{¶60}** In conclusion, we sustain Anderson's first assignment of error and overrule all of his other assignments of error. Therefore, we vacate Anderson's sentence for his corruption of a minor conviction in violation of R.C. 2907.04(A) (i.e., Count 122 from Case No. 01 CR 218). Accordingly, we reverse, in part, and affirm, in part, the judgment of the trial court, and we remand this case to the trial court for further proceedings consistent with this opinion.

**JUDGMENT REVERSED, IN PART, AFFIRMED, IN PART, AND
CAUSE REMANDED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE REVERSED, IN PART, AND AFFIRMED, IN PART, and this cause be REMANDED for further proceedings consistent with this opinion.  Appellant and Appellee shall pay equally the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, P.J. and McFarland, J.:  Concur in Judgment & Opinion.


For the Court


BY:_____
       Roger L. Kline, Judge




**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**